**Major MASSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–036–CR.**

Court of Appeals of Texas, Waco.

Feb. 19, 1992.

**656**

Dale Reynolds Duff, Huntsville, for appellant.

David S. Barron, Dist. Atty., Tuck Moody McLain, Asst. Dist. Atty., Anderson, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Appellant was convicted by a jury of the offense of aggravated robbery of the 21 Sport Shop and assessed twenty-five years in prison. *See* TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). In a single point of error, he complains that the court erroneously allowed the State to prove that Appellant and his co-defendant were smoking "crack cocaine" prior to the robbery and purchased additional cocaine after the rob-

bery. *See* TEX.R.CRIM.EVID. 404(b). The State asserts that Appellant did not preserve his complaint for appellate review because he did not object when the co-defendant testified before the jury. We will overrule the point of error and affirm the judgment.

Appellant and Kenneth Fryback were indicted for an aggravated robbery using a deadly weapon. Appellant filed a "Motion for Disclosure of Evidence of Other Crimes, Wrongs or Acts Which the State Intends to Use in its Case–in–Chief" and a "Motion in Limine on Extraneous Offenses." In response, after the jury was empaneled but before the testimony began, the State informed the court that it would use Fryback as a witness and that he would testify that he and Appellant were smoking "crack cocaine" prior to the robbery. Arguing that the evidence should not be admitted, Appellant objected on the basis that (1) "there's no exclusion under 404(b) about state of mind" and "it doesn't fit any of the exceptions [under Rule 404(b)] so I think it's highly prejudicial." *See* TEX.R.CRIM.EVID. 404(b). We take the latter statement to be an objection that the possible prejudicial effect of the testimony substantially outweighed its probative value under Rule 403. *See id.* at 403.

The court decided to hear Fryback's testimony out of the presence of the jury. He testified that he and Appellant had smoked "crack cocaine" earlier in the day, they ran out of drugs about two hours before the robbery, they planned the robbery to obtain money to buy additional drugs, and Appellant went with him after the robbery to buy more drugs. At the conclusion of Fryback's testimony, Appellant's attorney stated:

Your Honor, my position is that his motive was to buy himself some cocaine. He knows he bought himself some cocaine. Again, I feel that two hours is so remote, I don't see how it is totally interwoven. They were in it for the cash however anybody was going to spend it after that, and Mr. Fryback has no idea where his share of the money went.

When the trial began, the complaining witness testified about the facts of the robbery. Fryback then testified, without objection, that: he and Appellant got together earlier in the day, purchased a "rock" and some beer and whiskey, rode around, consumed the beer and whiskey, and smoked the cocaine; they discussed burglary, selling "hot" tires, and other ways to "come up with quick money"; they decided to commit a robbery, selected the 21 Sport Shop based on his belief that the store would have "a fairly good quantity of money there"; Appellant entered the business, carrying a pistol, but came back out, saying he "couldn't do it" because there were too many people in the store; they left, but returned with Appellant driving the car; he entered the store through a back door with the gun while Appellant waited in the car; he pointed the gun at the complaining witness and instructed her to open the cash register, grabbed the cash in the register, took a money bag from her purse, and left through the back door; he got in the car, Appellant drove away, they divided the money between them, and bought more beer, whiskey, and "crack cocaine."

The State urges us to find that Appellant waived the right to complain about any of Fryback's testimony before the jury—testimony that was admitted without objection. Rule 52(a) of the Rules of Appellate Procedure provides, in part:

> **(a) General Rule.** In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

TEX.R.APP.P. 52(a).

■ Appellant's objection to the testimony, made after Fryback's initial testimony out of the jury's presence, did not state any specific grounds upon which he relied in urging that the testimony not be admitted.

However, considering the fact that he had earlier made specific objections under Rules 403 and 404(b), we believe that the objection was sufficient to inform the court of the ruling that he desired, particularly in light of the court's ruling that the testimony would be admitted. *See* TEX.R.CRIM. EVID. 403, 404(b); TEX.R.APP.P. 52(a).

■ When Fryback testified before the jury, Appellant made no objection at the beginning of his testimony and did not object to that part of his testimony concerning the purchase and use of cocaine. Thus, to determine if Appellant waived his right to complain about the admission of the testimony, we must determine whether a further objection was necessary.

Rule 52(b) of the Rules of Appellate Procedure provides, in part:

> When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections.

TEX.R.APP.P. 52(b). This provision is substantially the same as the former subsection 6(d)(3) of Article 40.09 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC. ANN. art. 40.09, 6(d)(3) (repealed by the Texas Rules of Appellate Procedure, effective September 1, 1986; Acts 1985, 69th Leg., ch. 685, § 4). Although the same language appears in Rule 103(a)(1) of the Rules of Civil Evidence, it does not appear in the corresponding Rule of Criminal Evidence. *Compare* TEX.R.CIV.EVID. 103(a)(1) *with* TEX.R.CRIM.EVID. 103. Because the appellate rule applies to both civil and criminal cases, Appellant is clearly entitled to its benefit. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991); TEX. R.APP.P. 52(b); 33 S. GOODE, O. WELLBORN AND M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 103.1 (Texas Practice 1988). We hold that Appellant preserved his objection to Fryback's testimony about extraneous offenses.

We now turn to the merits of Appellant's objection. The State asserts that the testimony was admissible under Rule 404(b) to

show Appellant's motive for the robbery. Appellant insists that no exception stated in Rule 404(b) would render the testimony admissible.

An accused is entitled to be tried on the accusation made against him by the state's pleadings, not for a collateral crime or for being a criminal generally. *Crank v. State*, 761 S.W.2d 328, 341 (Tex.Crim.App. 1988). Prior to the adoption of the Rules of Criminal Evidence, our courts used a two-prong test to determine whether extraneous acts by the accused constituting offenses were admissible: (1) Is the transaction relevant to a material issue in the case? (2) Does the relevance value outweigh the inflammatory or prejudicial value of the evidence? *E.g., Williams v. State*, 662 S.W.2d 344, 345–47 (Tex.Crim. App.1983). The *Williams* test is, in substance, embodied in the criminal-evidence rules providing that all evidence must be relevant (Rule 402), that evidence of other crimes, wrongs, or acts may be admissible for certain purposes (Rule 404(b)), and that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, or the cumulative nature of the evidence. *Id.;* Tex.R.Crim.Evid. 402, 403, 404(b). The test for extraneous offenses is always applied to the unique facts and circumstances of the case; no "quantifiable set of weight factors" can be applied to determine admissibility. *Crank*, 761 S.W.2d at 342.

The determination of whether evidence is relevant to any issue in the case lies within the sound discretion of the court. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim. App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); Tex. R.Crim.Evid. 401. In reviewing a determination of relevance, we determine only whether the trial judge clearly abused his discretion. *Johnson*, 698 S.W.2d at 160; *Crank*, 761 S.W.2d at 342.

Motive is not an essential element of a criminal offense and need not be proved to establish the commission of the offense. *Bush v. State*, 628 S.W.2d 441, 444 (Tex.Crim.App.1982); *Rodriguez v. State*, 486 S.W.2d 355, 358 (Tex.Crim.App. 1972). However, evidence of a motive is the type of evidence that may be used to prove that an accused committed an offense, because it is relevant as a circumstance tending to prove the commission of the offense. *Id.* The evidence by which the state intends to prove motive must fairly tend to raise an inference in favor of the existence of the motive on the part of the accused to commit the offense for which he is being tried. *Id.* Fryback's testimony that they discussed burglary, selling "hot" tires, and other ways to "come up with quick money" fairly tends to infer that Appellant wanted to obtain money to buy additional intoxicants. Thus, we believe that the State succeeded in demonstrating that Fryback's testimony of activities in which Appellant participated before and after the offense was admissible to show Appellant's motive for the robbery. *See id.;* Tex.R.Crim.Evid. 404(b).

Having determined that the testimony of extraneous offenses was relevant and admissible under the "motive" exception of Rule 404(b), we turn to Appellant's objection that the prejudicial effects of the evidence substantially outweighed its probative value. *See* Tex.R.Crim.Evid. 403, 404(b). As we have stated, prior to adoption of the criminal-evidence rules, the admissibility of extraneous-offense evidence also hinged on satisfaction of the second prong of the test—Does the relevance value outweigh the inflammatory or prejudicial value of the evidence? *Williams*, 662 S.W.2d at 345–47. This statement of the second prong of the test is somewhat different than that of Rule 403. Tex. R.Crim.Evid. 403. We believe that the proper test is now that of the Rule. *See id.; Crank*, 761 S.W.2d at 342 n. 5 (stating that "the plain language of Rule 403 shifts the focus somewhat from the test enunciated in *Williams*, supra, and its progeny"); *Gass v. State*, 785 S.W.2d 834, 837 (Tex. App.—Beaumont 1990, no pet.); *Pleasant v. State*, 755 S.W.2d 204, 206 (Tex.App.— Houston [14th Dist.] 1988, no pet.); *see also* 33 S. Goode, O. Wellborn and M. Sharlot, Guide to the Texas Rules of Evi-

DENCE: CIVIL AND CRIMINAL § 404.6 (Texas Practice 1988).

 Rule 403 provides in part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." TEX.R.CRIM.EVID. 403. When the court is called upon by a sufficient objection to weigh the probative value of evidence against its potential for unfair prejudice, it has no discretion as to whether to engage in the balancing process. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim.App.1991). Rule 403 does not assign burdens; rather, it imposes a duty on the trial judge to comply with the rule. *Id.;* TEX.R.CRIM.EVID. 403. In making the necessary determination, the court should ask the proponent to explain the probative value of the evidence, then question the opponent as to the nature and degree of the prejudice. *Montgomery*, 810 S.W.2d at 389. Criteria that the court may consider include: that the ultimate issue is not seriously contested by the opponent; that the proponent has other convincing evidence to establish the fact that the proffered evidence tends to establish; that the proffered evidence, alone or in combination with other evidence, is not particularly compelling; and that the prejudicial effect is such that a limiting instruction will not be effective. *Id.* at 393. Because Rule 403 favors admissibility of relevant evidence, the presumption is that relevant evidence will be more probative than prejudicial. *Id.*

 The court's determination under Rule 403 is reviewed by the abuse-of-discretion standard. *Montgomery*, 810 S.W.2d at 389. Bearing in mind that evidence of an extraneous offense is "inherently prejudicial," we do not find in the record that Appellant pointed out the nature and degree of the prejudice that he claimed would result from the admission of the evidence of his motive. *See id.; Crank*, 761 S.W.2d at 342. Because the State had no other evidence by which to prove motive and Fryback's testimony about the motive was compelling in nature, we cannot say that the court abused its discretion in determining that the probative value was not sub-

stantially outweighed by the danger of unfair prejudice and in overruling Appellant's objection to the evidence of extraneous offenses. *See Crank*, 761 S.W.2d at 342; TEX.R.CRIM.EVID. 403.

We overrule Appellant's point of error and affirm the judgment.