Stanley Dale SELF, Appellant,

v.

The STATE of Texas, State.

No. 2–91–317–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 18, 1993.

Discretionary Review Refused Nov. 17, 1993.

Richard S. Podgorski, Denton, for appellant.

Bruce Isaacks, Dist. Atty., David C. Colley, Sharone McGahee, and Paige Miller, Asst. Dist. Attys., Denton, for appellee.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

FARRIS, Justice.

Stanley Dale Self appeals his conviction for aggravated sexual assault of a child, complaining the evidence was insufficient to prove the indicted offense and extraneous offense evidence was erroneously admitted. We overrule Self's points of error, because the evidence was sufficient to prove the offense, because the child's testimony concerning extraneous offenses tended to rebut the challenge to her credibility, and because Self was adequately apprised of the extraneous offenses. The judgment is affirmed.

Self's indictment alleged he sexually assaulted S.S. The jury found Self guilty of the submitted offense, that he had penetrated S.S.'s rectum with his penis, and assessed his punishment as ninety-nine years imprisonment.

In point of error one, Self contends the evidence was insufficient to support the jury's finding his penis penetrated S.S.'s anus, as alleged in the indictment. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict to determine whether any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

At trial, S.S. testified Self "yanked" off her clothes, placed her on the bed and stuck his penis in her anus. This testimony alone was sufficient evidence of penetration. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim. App. [Panel Op.] 1978). In addition, evidence of penetration was supplied by defense witness, Doctor Robert Lee, who testified he examined S.S. on June 8, 1990, and admitted the condition of her rectum was consistent with anal intercourse. Further evidence of anal penetration was supplied by Self in his written statement, where he admitted he had anal intercourse with S.S.

In light of the foregoing authorities and the evidence introduced at trial, we hold the evidence was sufficient to support the jury's verdict. Point of error one is overruled.

■ By his second point of error, Self contends the trial court violated Texas Rules of Criminal Evidence 403 and 404(b) when it allowed S.S. to testify about other acts of sexual abuse Self committed against her. The State contends the evidence of extraneous offenses was admissible to rebut Self's challenge to S.S.'s credibility. Self challenged S.S.'s credibility before she took the witness stand, when he cross-examined the State's first witness, Nelda Howard, S.S.'s aunt. Self questioned Howard in a manner that suggested she and S.S.'s grandmother instigated the sexual abuse allegations and coached S.S. into making the accusations against Self.

■ When one accused of sexually assaulting a child challenges the credibility of the complainant, proof of similar acts may be admissible, under TEX.R.CRIM.EVID. 404(b), to rebut the challenge if the evidence logically serves that purpose. *See Montgomery v. State*, 810 S.W.2d 372, 394 (Tex.Crim.App. 1990).

In *Jessup v. State*, 853 S.W.2d 141 (Tex. App.—Fort Worth 1993, pet. filed), and *Hill v. State*, 852 S.W.2d 769 (Tex.App.—Fort Worth 1993, pet. filed), the defendants directly attacked the complainants' credibility by asserting they fabricated the offenses and their details. Logically, their testimony concerning the specifics of extraneous offenses would have been subject to the same impeachment, because if they fabricated the facts of the charged offense, they could just as easily have fabricated the specific facts of other offenses.

Unlike the defendants in *Jessup* and *Hill*, in this case, Self attacked S.S.'s credibility indirectly by theorizing his ex-wife's family contrived the alleged offense and coaxed S.S. into telling the story. In essence, he claimed family members fabricated the offense, not S.S. Therefore, because S.S., now twelve years old, could talk about the specific details of other incidents, which occurred from the time she was eight years old until she was ten, her testimony would tend to rebut Self's theory.

■ Having determined the testimony of extraneous offenses was relevant and admissible under Rule 404(b), we turn to Self's objection the prejudicial effects of the evidence substantially outweighed its probative value.

The court's determination under Rule 403 is reviewed by the abuse-of-discretion standard. *Montgomery*, 810 S.W.2d at 388. Although evidence of extraneous offenses is inherently prejudicial, Self failed to point out the nature and degree of the prejudice he claimed would result from the admission of the evidence. Because the State had no other evidence by which to rebut Self's theory S.S. had been coached to tell a story, and because S.S.'s testimony was compelling in nature, we cannot say the court abused its discretion in overruling Self's Rule 403 objection. *See Massey v. State*, 826 S.W.2d 655, 659 (Tex.App.—Waco 1992, no pet.); TEX. R.CRIM.EVID. 403. Point of error two is overruled.

■ In his third and fourth points of error, Self contends the State did not give him adequate notice of the extraneous offenses it planned to use, and the specifics of those offenses, as required by Rule 404(b). *See* TEX.R.CRIM.EVID. 404(b).

Self filed his 404(b) motion on June 12, 1991, and trial began on July 1, 1991. The

**264**

trial court allowed the State to produce evidence concerning extraneous offenses listed in its response letters dated June 20, 1991 and June 26, 1991.

There are no cases addressing the meaning of "reasonable notice" under Rule 404(b), and Self urges us to use the fourteen-day requirement of TEX.CODE CRIM.PROC.ANN. art. 38.072, sec. 2(b)(1) (Vernon Supp.1993). Based on his fourteen-day theory, Self contends that because he received notice of the offenses listed in the June 20 letter eleven days before trial and notice of those listed in the June 26 letter five days before trial, he did not receive adequate notice under Rule 404(b). Although Self emphasizes the day's notice he received from the State, he fails to point out he did not give notice to the State until nineteen days before trial. We will not adopt a fourteen-day requirement because it does not advance the purpose behind Rule 404(b), that being to adequately apprise the defendant of the extraneous offenses the State intends to introduce at trial.

The record reveals the trial court held a hearing, outside the presence of the jury, on the extraneous offenses testimony. During this hearing, defense counsel cross-examined S.S. about the *specifics* of the acts. Because Self was not surprised by the extraneous offenses testimony, we overrule points of error three and four.

The judgment is affirmed.