TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00250-CR







James Everett Patton, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BANDERA COUNTY, 216TH JUDICIAL DISTRICT


NO. 3064-98, HONORABLE STEPHEN B. ABLES, JUDGE PRESIDING








 Appellant James Everett Patton was convicted of the offense of manslaughter. See
Tex. Penal Code Ann. § 19.04 (West 1994). After finding appellant guilty, the jury assessed his
punishment at seven years' imprisonment.


ISSUE


 The sole issue in the case is whether the trial court erred in admitting into evidence 
appellant's prior conviction for criminal mischief at the penalty stage of the trial. Appellant
claims that the State did not provide reasonable notice of its intention to use the prior conviction. 
See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2000). The State claims that the
case is one of first impression based on its belated discovery of the conviction. It argues that the
notice was reasonable under the circumstances.

BACKGROUND


 The sufficiency of the evidence to sustain the conviction is not challenged. A brief
recitation of the facts will place the point of error in proper perspective. Shortly before 7:00 a.m.
on May 18, 1998, appellant was driving a brown Ford pickup truck on Farm Road 1283 in
Bandera County. Appellant was on his way to work, and Miguel Jaramillo was a passenger in
the truck. In a no-passing zone on the road, appellant attempted to pass a slower-moving pickup
truck driven by 18-year-old Henry Vera.

 Vera testified at trial that when he observed appellant attempting to pass him he
slowed down, but when he (Vera) saw a "grayish" car approaching in an oncoming lane, he "tried
to speed up so as to give [appellant] more room to get back into his lane." As Vera looked into
his rearview mirror, he saw appellant's truck and the oncoming car collide.

 Vera turned his vehicle around and went to the scene of the accident. Appellant
and Jaramillo were unsuccessful in trying to open the door of the car. Jaramillo did remove a
child from the back seat and place him outside the car. Vera got no response from the woman
who had been driving the car. Her injuries were visible. Vera did not want to move her. The
police arrived on the scene shortly after the collision.

 A medical examiner testified that the driver of the car, Loretta Marie Gonzales,
sustained head injuries and died instantly as a result of the accident. Her four-year-old son 
Jeremy survived without any serious injuries as did appellant and Jaramillo.

 Brian Heickman was preparing to enter onto Farm Road 1283 about 6:45 a.m.
when he saw one truck attempting to pass another. Heickman then saw smoke as if the passing
truck was hitting its brakes. When Heickman pulled into the road and went over a hill, he saw
that the passing truck had hit a Ford Tempo automobile head on. Robert Soward testified that
appellant had earlier passed him on the road approximately one mile from the accident scene and
had done so safely in a passing zone. Soward, like Heickman, came upon the accident scene
before the police arrived.

 Robyn Langston, a school teacher, did not witness the accident itself. She testified
that about five minutes before the accident, appellant's truck passed her throwing pebbles that hit
her vehicle. She flashed her vehicle's lights in an "attempt to tell him to slow down."


AUTHORITIES


 In light of the authorities appellant relied upon in his request for notice, his trial
objection, and his appellate brief, we shall make brief note of the same.

 Rule 404(b) of the Texas Rules of Evidence provides:


(b) Other Crimes, Wrongs or Acts. Evidence of other crimes, wrongs or acts
is not admissible to prove the character of a person in order to show action in
conformity therewith. It may, however, be admissible for other purposes,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident, provided that upon timely request
by the accused in a criminal case, reasonable notice is given in advance of
trial of intent to introduce in the State's case-in-chief such evidence other than
that arising in the same transaction.



(Emphasis added).

 Rule 609 of the Texas Rules of Evidence provides for impeachment by evidence 

of a conviction for a crime. Rule 609(f) states:

(f) Notice. Evidence of a conviction is not admissible if after timely written
request by the adverse party specifying the witness or witnesses, the proponent
fails to give to the adverse party sufficient advance written notice of intent to
use such evidence to provide the adverse party with a fair opportunity to
contest the use of such evidence.



 Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provides in
part that upon a finding of guilt, evidence may be offered by either party as to any matter the trial
court deems relevant to "sentencing, and the evidence is not limited to the prior criminal record
of the defendant. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2000). Section
3(g) of the statute provides:


(g) On timely request of the defendant, notice of intent to introduce evidence
under this article shall be given in the same manner required by Rule 404(b),
Texas Rules of Criminal Evidence. If the attorney representing the State
intends to introduce an extraneous crime or bad act that has not resulted in a
final conviction in a court of record or a probated or suspended sentence,
notice of that intent is reasonable only if the notice included the date on which
and the county in which the alleged crime or bad act occurred and the name
of the alleged victim of the crime or bad act. The requirement under this
subsection that the attorney representing the State give notice applies only if
the defendant makes a timely request to the attorney representing the State for
the notice.



Id. § 3(g). (1)


PROCEDURE, THE OFFER, AND THE OBJECTION


 On July 27, 1998, the manslaughter indictment was returned. On August 20, 1998,
appellant filed a "Request for Notice of Intent to Offer Extraneous Conduct under Rule 404(b) and
Evidence of Conviction under Rule 609(f) and Evidence of an Extraneous Crime or Bad Act under
Article 37.07." A certificate of service upon the State was attached. A handwritten notation
indicated "Order Granted 8/26/98" with the trial judge's initials. (2) On February 15 and 16, 1999,
the State served upon appellant its original notice and first amended notice of intent to use
extraneous matters at trial. These documents informed appellant that the State intended to utilize 
three prior convictions at trial--a 1994 burglary conviction and 1998 convictions for failure to
identify oneself and evading arrest, giving the cause numbers, dates, and stating that all were
Bandera County convictions. In addition, the State informed appellant by the latter document that
it intended to use an unadjudicated matter of reckless driving occurring just prior to the instant
offense of manslaughter. These notice documents were filed for record with the district clerk on
February 17, 1999.

 Subsequently, on February 23, 1999, the State filed a second amended notice of
intention to use extraneous matters. This notice included all the previous extraneous matters noted
in the earlier notices but added the 1997 conviction for criminal mischief in Kerr County for
which appellant had been granted probation that had been revoked on April 14, 1988. This is the
conviction that is in controversy as to notice. The certificate of service on the second amended
notice reflects that it was served by fax upon appellant's counsel on Sunday, February 21, 1999. 
The trial was set for Tuesday, February 23, 1999.

 During a break in the voir dire examination of the jury panel on February 23, 1999,
the trial court heard a motion in limine offered by appellant. One part of the motion involved the
question of notice of extraneous matters, particularly the criminal mischief conviction. In a
colloquy at the bench, the prosecutor explained that on Sunday, February 21, 1999, she visited
the jail and discovered for the first time that appellant had been convicted of criminal mischief;
that this conviction had not been on appellant's prior criminal record available to the prosecution;
and that on the same date she had faxed to the office of appellant's counsel notice that the State
intended to use this newly discovered conviction. The trial court overruled the motion in limine,
finding that proper notice had been given on all extraneous matters "except the one on Sunday"
and that the prosecutor had given notice as soon as she learned of that conviction. The court
stated that it would not bar the admission of the extraneous offenses because of the lack of proper
notice. (3)

 The prior convictions were not offered at the guilt-innocence stage of trial. (4) At the
penalty stage of the trial, appellant expressly stated there was no objection to three of appellant's
prior criminal convictions. The only objection was to the introduction of the criminal mischief
conviction on the basis of the lack of proper notice under Rule 404 and Rule 609 of the Rules of
Evidence, "or Texas Code of Criminal Procedure article 37." Defense counsel explained that the
State's notice regarding the criminal mischief conviction was faxed to counsel's office on Sunday
afternoon but counsel did not receive it until early Monday morning, February 22, 1999, the day
before the trial. The trial court observed that the prosecutor had stated the notice was faxed to 
defense counsel as soon as the prosecutor learned of the conviction and overruled the objection.


DISCUSSION


 It has been held that Rule 404(b) does not apply to the penalty or punishment phase
of a bifurcated trial. See Ramirez v. State, 967 S.W.2d 919, 923 (Tex. App.--Beaumont 1998, no
pet.). Since appellant did not testify, Rule 609 does not apply. See Tex. R. Evid. 609(f). The
adequacy of the State's notice in the instant case regarding its intention to use the criminal
mischief conviction is thus controlled by article 37.07, section 3(g) (5) requiring that notice be given
in the same manner mandated by Rule 404(b). That rule, however, provides only minimal details
regarding the manner in which notice is given. See 41 George E. Dix and Robert O. Dawson,
Criminal Practice and Procedure, § 22.104 at 502 (Texas Practice 1995). There is no statutory
meaning of "reasonable" as provided in rule 404(b), in the Code of Criminal Procedure, or
otherwise in the Rules of Evidence. Cases have generally focused on whether the notice was
timely sufficient to be considered "reasonable." See, e.g., Neuman v. State, 951 S.W.2d 538,
540 (Tex. App.--Austin 1997, no pet.); Hernandez v. State, 914 S.W.2d 226, 234-35 (Tex.
App.--Waco 1996, no pet.); Self v. State, 860 S.W.2d 261, 264 (Tex. App.--Fort Worth 1993, pet.
ref'd). It would appear that the reasonableness of the State's notice turns on the facts and
circumstances of each individual case.

 Article 37.07, section 3(a) puts a defendant on notice that evidence on punishment
may be offered by the State as to any matter the trial court deems relevant to "sentencing"
(assessment of punishment) and such evidence is not limited to the prior criminal record of the
defendant. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a). Before the enactment of section
3(g) of article 37.07, the prosecution was prohibited from offering evidence of unadjudicated
extraneous offense or bad acts at the penalty stage of the trial. See, e.g., Grunsfeld v. State, 843
S.W.2d 521, 523 (Tex. Crim. App. 1992); Washington v. State, 943 S.W.2d 501, 503-04 (Tex.
App.--Fort Worth 1997, pet. ref'd). Section 3(g) of the statute was added in 1993 to permit the
prosecution to offer such evidence at the penalty stage of the trial. See Washington, 943 S.W.2d
at 504. Along with the addition of section 3(g) came the requirement of notice.

 The extraneous matter in question in the instant case is not an uncharged or
unadjudicated offense or simply a bad act but a final conviction. The State did give appellant
timely notice that it intended to use three other prior convictions, and no question of proper notice
is before this Court regarding these matters. Appellant was on notice that the State was going to
use at least part of his prior criminal record at trial.

 Appellant did not object to the manner of notice or the specificity thereof regarding
the Kerr County conviction. Appellant made no claim that he or his counsel were unaware of his
previous criminal mischief conviction. Appellant does not contend that he did not have an
adequate opportunity to marshal arguments against the admission of the misdemeanor criminal
mischief conviction. Further, appellant has not shown any unfair surprise nor does he dispute the
State's contention that the prosecutor did not learn of the conviction until the Sunday before trial
on Tuesday. Appellant does not claim there was a lack of diligence by the prosecutor. There is
no accusation that the State was "playing games" with appellant. If the State's duty to give notice
arises from a proper request and it complies, surely the State has a continuing duty to provide
notice to a defendant of other extraneous matters it subsequently discovers and intends to utilize
at trial. See Dix, § 22.102 at 499.

 It is appellant's argument on appeal that his counsel did not receive the Sunday fax
until Monday morning, and the resulting one day's notice was not "reasonable" notice, despite
the fact that evidence of the criminal mischief conviction was not introduced until Thursday at the
penalty stage along with appellant's other unobjected-to convictions. Appellant urges the one-day
notice was unreasonable per se.

 Appellant relies upon Neuman, Hernandez, and Self, previously cited, to support
his contention. All of these cases are distinguishable. They all involved unadjudicated extraneous
matters offered at the guilt-innocence stage of the trial and each case involved only Rule 404(b). 
The instant case involved a final conviction offered only at the penalty stage of the trial under
article 37.07, section 3(g) as a part of appellant's prior criminal record. In Self, the eleven-day
advance notice of the unadjudicated matter was held reasonable under Rule 404(b). See 860
S.W.2d at 264. In Hernandez, the State's notice of an unadjudicated matter on Friday afternoon
was held not reasonable when the trial began Monday morning. See 914 S.W.2d at 234. The
error was, however, deemed harmless. See 914 S.W.2d at 238. In Neuman, the extraneous
unadjudicated matter was a threatening telephone call introduced at the first stage of the bifurcated
trial. See 951 S.W.2d at 540. The State unsuccessfully attempted to give notice of its intention
to use this evidence on Friday but did not actually give notice until the following Monday during
jury selection. See id. The notice was held to be unreasonable "under the circumstances." See
id. The claim of harmless error was rejected. See id. at 542.

 Ramirez is more closely akin to the instant case. After reviewing Neuman,
Hernandez, and Self, the Ramirez court held that the three-days' notice by the State was
reasonable under article 37.07, section 3(g) as to juvenile adjudications and felony convictions
introduced at the penalty stage only. See Ramirez, 967 S.W.2d at 923. Ramirez appears to make
clear that there is no bright line as to the number of days or amount of time alone constitutes
reasonable notice and indicates that the trial court should determine the issue on a case-by-case
basis under the totality of the circumstances.

 In the instant case, the trial court found that the State gave notice as soon as it 
discovered the prior conviction and the notice was reasonable under the circumstances. We have
found no other case involving a belated discovery by the State of a prior conviction after its duty
to give notice has arisen.

 An appellate court reviews the trial court's decision to admit or exclude evidence
under an abuse of discretion standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim.
App. 1996); Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990); Otero v.
State, 988 S.W.2d 457, 459 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). A reviewing court
should not reverse a trial court whose ruling was within the "zone of reasonable disagreement." 
Montgomery, 810 S.W.2d at 391. We conclude that it was not beyond the zone of reasonable
disagreement for the trial court to hold that the prior conviction for criminal mischief was
admissible.


HARMLESS ERROR?


 If the trial court erred in admitting the prior conviction, the error was harmless. 
Rule 44.2(b) provides: "Other [than constitutional] errors. Any other error, defect, irregularity,
or variance that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). 
A substantial right is affected "when the error had a substantial and injurious effect or influence
in determining the jury's verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)
(citing Katteakos v. United States, 328 U.S. 750, 776 (1946)).

 In arguing that the error was harmful, appellant cites cases dealing with former
Rule 81(b)(2), not the current Rule 44.2(b). Appellant adds: "Here, where the jury's decision
on punishment was most certainly whether to allow a sentence of community supervision, or to
send Patton to the penitentiary, his prior offense--especially an offense resulting in a
conviction--was of paramount importance." In making such argument on appeal, appellant
overlooks the fact that he elected to have the jury assess punishment and made no application for
community supervision (probation). The issue was not submitted to the jury. In fact, he was not
eligible for community supervision from the jury because of a prior felony conviction. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 4(e) (West Supp. 2000).

 Further, appellant argues that State's exhibit No. 1 at the penalty stage (criminal
mischief conviction) contained the motion to revoke community supervision listing seventeen
violations, the order revoking community supervision, and other prejudicial details. Appellant
adds: "Looking at the list of violations, the jury undoubtedly determined that community
supervision in this case was not an option." As noted, the issue of community supervision was
not before the jury in this case. Moreover, appellant made no objection to the content of State's
exhibit No. 1 and did not move to redact any portion of the exhibit. His only objection was that
he had not received reasonable notice. Appellant did not preserve any error as to the content of
State's exhibit No. 1. See Tex. R. App. P. 33.1(a)(1)(A). The error presented on appeal must
be the same as the trial objection. See Rhoades v. State, 934 S.W.2d 113, 121 (Tex. Crim. App.
1996); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

 The jury had before it evidence of the manslaughter charge and the other three prior
convictions. The prosecutor asked for the maximum punishment of twenty years. The jury
assessed seven years' imprisonment and no fine. We cannot conclude that the error, if there was
one, had a substantial and injurious effect upon the jury's verdict. Any error was harmless under
article 44.2(b). Cf. Tex. R. Evid. 103(a). Appellant's sole contention is overruled.

 The judgment is affirmed.



 
 

 John F. Onion, Jr., Justice

Before Justices Jones, Patterson and Onion*

Affirmed

Filed: August 10, 2000

Publish

















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Under Article 37.07, section 3(g), the State's response to a timely request of a defendant
is considerably more detailed where the extraneous offense or bad act has not resulted in a final
conviction. In the instant case, only a final conviction was involved in the issue presented.
2. The State's duty to respond arises upon the request of the defendant. No order or other
action by the trial court is necessary to create the State's duty. See 41 George E. Dix & Robert
O. Dawson, Criminal Practice and Procedure, § 22.102 at 498 (Texas Practice 1995); Espinosa
v. State, 853 S.W.2d 36, 38-39 (Tex. Crim. App. 1993). A request for notice incorporated in
a motion creates no duty on the State until the court acts on the motion in such a way as to order
the State to provide notice. See id.
3. "It is 'axiomatic' that motions in limine do not preserve error." Webb v. State, 760
S.W.2d 263, 275 (Tex. Crim. App. 1988); see also Hernandez v. State, 914 S.W.2d 218, 226
(Tex. App.--El Paso 1996, pet. ref'd). This is true whether the motion in limine is granted or
denied. See Willis v. State, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989); Webb, 760 S.W.2d
at 275.
4. The unadjudicated reckless driving evidence was introduced at the guilt-innocence stage 
without objection. Moreover, the notice requirement does not apply to same transaction
contextual evidence. See Hodge v. State, 940 S.W.2d 316, 319 (Tex. App.--Eastland 1997, pet.
ref'd).
5. Appellant's objection referred only to "Article 37." We conclude the proper objection
was "apparent from the context" and earlier circumstances. See Tex. R. App. P. 33.1(a)(1)(A);
Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).




mischief conviction) contained the motion to revoke community supervision listing seventeen
violations, the order revoking community supervision, and other prejudicial details. Appellant
adds: "Looking at the list of violations, the jury undoubtedly determined that community
supervision in this case was not an option." As noted, the issue of community supervision was
not before the jury in this case. Moreover, appellant made no objection to the content of State's
exhibit No. 1 and did not move to redact any portion of the exhibit. His only objection was that
he had not received reasonable notice. Appellant did not preserve any error as to the content of
State's exhibit No. 1. See Tex. R. App. P. 33.1(a)(1)(A). The error presented on appeal must
be the same as the trial objection. See Rhoades v. State, 934 S.W.2d 113, 121 (Tex. Crim. App.
1996); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

 The jury had before it evidence of the manslaughter charge and the other three prior
convictions. The prosecutor asked for the maximum punishment of twenty years. The jury
assessed seven years' imprisonment and no fine. We cannot conclude that the error, if there was
one, had a substantial and injurious effect upon the jury's verdict. Any error was harmless under
article 44.2(b). Cf. Tex. R. Evid. 103(a). Appellant's sole contention is overruled.

 The judgment is affirmed.



 
 

 John F. Onion, Jr., Justice

Before Justices Jones, Patterson and Onion*