1116-15    1117-15

ORIGINAL

APPEAL NO. 02-15-00193-CR
02-15-00194-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

STANLEY DALE SELF,                                          APPELLANT

FILED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

VS.

THE STATE OF TEXAS,                                         APPELLEE

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ON APPEAL FROM THE 367TH DISTRICT COURT

OF DENTON COUNTY, TEXAS

CAUSE NO'S. F-90-478-E & F-90-572-E

SUBMITTED BY:                          STANLEY DALE SELF
                                       POLUNSKY UNIT
                                       3872 Fm 350 South
                                       Livingston, Texas 77351

## INTERESTED PARTIES

Stanley Dale Self,                    Appearing Pro Se
Polunsky Unit
3872 Fm 350 South
Livingston, Texas 77351


Honorable Margaret Barnes            District Judge
367th District Court
Denton County Courthouse
1450 E. McKinny
Denton, Texas   76201


Catherine Luft,                      Assistant District Attorney
Assistant District Attorney
1450 East McKinney
Denton, Texas   76209


State Prosecuting Attorney           State Prosecutor
Post Office Box 13046
Austin, Texas   78711-3046

# TABLE OF CONTENTS

Interested Parties ................................. i

Index of Authorities .............................. ii

Constitutional and Statutory Provisions ................... ii

Statement Regarding Oral Argument ....................... 1

Statement of the Case ............................. 1

Statement of the Procedural History ..................... 2

Question(s) Presented for Review ...................... 2

Argument ...................................... 2,3

Prayer ....................................... 3

## INDEX OF AUTHORITIES

Martinez v Ryan,
566 U.S. ____, 132 S.Ct. 1309 (2013) ///////////////////// 2

Moore v Beard, 42 F.Supp. 3d 624 (Middle Dist. Penn. 2014)   3

Self v State, 860 S.W.2d 261 (Tex. App. 2nd Dist. 1991 P.ref'd) 2

Trevino v Thaler, 133 S.Ct. 1911 (2013)///////////////////// 3

## CONSTITUTIONAL PROVISIONS

Sixth Amendment,
United States Constitution///////////////////////////////// 2,3

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

STANLEY DALE SELF,  §
            APPELLANT  §
 §   APPEAL NO. 02-15--00193-CR
VS.  §
 §            02-15-.00194-CR
 §
THE STATE OF TEXAS  §
            APPELLEE  §

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

COMES NOW, Stanley Dale Self, the Appellant herein, and pursuant to Rule 68.3, of the Texas Rules of Appellate Procedure, timely and properly files this Petition for Discretionary Review seeking review of the Opinion in the Court below. In support there-of, Appellant would show:

## STATEMENT REFARDING ORAL ARGUMENT

Appellant believes that the single issue presented is already settled law and that Oral Argument will not necessarily aid the Court. The Opinion from the Second Court of Appeals is appe nded hereto as APPENDIX A.

## STATEMENT OF THE CASE

Upon a plea of not guilty, a jury in the 367th Judicial Court of Denton County, Yexas, found Appellant guilty to the off-ense of Aggravated Sexual Assault of a Child. Punishment by the jury was assessed at 99 years imprisonment.

## STATEMENT OF THE PROCEDURAL HISTORY

-1-

In a published opinion styled; Self v State, 860 S.W.2d 261 (Tex. App. 2nd Dist. 1993 - pet. ref'd.), the Second Court of Appeals affirmed the judgement of the trial court. (02-91-00317-CR). No Petition for Writ of Certiorari was prosecuted.

## QUESTION PRESENTED FOR REVIEW

WHETHER THE SECOND COURT OF APPEALS TOTALLY MIS-CONSTRUED THE SUBJECT OF THE APPELLATE ISSUES IN HIS REQUEST FOR THE APPOINTMENT OF COUNSEL FOR POSTCONVICTION HABEAS CORPUS LITIGATION.

The second court of appeals has erroneously decided an important jurisdictional issue concerning the appointment of counsel in postconviction challenges to the Sixth Amendment right to the effective assistance of counsel when counsel concedes his client's guilt.

## ARGUMENT

The appellate court's jurisdictional claim that they have no jurisdiction over postconviction habeas corpus matters is flawed because the request for the appointment of counsel was directed at the trial court under Martinez v Ryan, 566 U.S. ____, 132 S.Ct. 1309, 162 L.Ed.2d 272 (2012), which provides for counsel when a defendant is challenging the effectiveness of his trial counsel.

In Appellant's case, his trial counsel conceded his guilt without first obtaining his permission. And th e wisdom of such a strategic concession is called into question under the Sixth Amendment because there was a complete absence of any lesser-included

-2-

offenses to warrant such a concession in light of Appellant's plea of not guilty.

Additionally, in Trevino v Thaler, 569 U.S. ___, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), the Supreme Court announced that the rule in Martinez applied to Texas cases.

Nor does the doctrine of latches play a part in Appellant's case. Just last year in Moore v Beard, 42 F.Supp. 3d 624 (Middle Dist. Penn. 2014), that court decided an ineffective assistance of counsel case that was 30 years old. Accordingly, Appellant's is ripe for review and should be remand back to the Second Court of Appeals for a determination on his request for counsel.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant now prays that this Honorable Court will remand this case for further proceedings.

Respectfully Submitted

*Stanley Self*
Stanley Dale Self, #618511
Polunsky Unit
3872 Fm 350 South
Livingston, Texas      77351

Executed: October _16_, 2015

-3-



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00193-CR
## NO. 02-15-00194-CR

STANLEY DALE SELF                           APPELLANT

V.

THE STATE OF TEXAS                            STATE

----------

## FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NOS. F-90-478-E, F-90-572-E

----------

## MEMORANDUM OPINION[1]

----------

In both cause numbers, appellant Stanley Dale Self attempts to appeal from the trial court's orders denying his motion for appointment of counsel to prepare and prosecute a postconviction application for writ of habeas corpus.

On July 15, 2015, we sent appellant a letter expressing our concern that we lacked jurisdiction over the appeals because, under code of criminal

---

[1]See Tex. R. App. P. 47.4.

procedure article 11.07, we have no jurisdiction over matters relating to postconviction applications, including requests for appointment of counsel. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015); *Cooper v. State*, No. 02-15-00145-CR, 2015 WL 3799069, at *1 & nn.2, 4 (Tex. App.—Fort Worth June 18, 2015, no pet. h.) (mem. op., not designated for publication) (disposing of attempted appeal of trial court's order denying motion for appointment of postconviction habeas counsel).

We informed appellant that unless he or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals, we would dismiss the appeals for want of jurisdiction. Appellant filed a response, but it does not show grounds for continuing the appeals. Therefore, we dismiss the appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

BONNIE SUDDERTH
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT AND SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 23, 2015

2

CAUSE NO'S. F-90-478-E
F-90-572-E

STANLEY DALE SELF                      §    IN THE 367TH DISTRICT COURT

VS.                                    §    OF

THE STATE OF TEXAS                     §    DENTON COUNTY, TEXAS


O R D E R


Came to be heard Petitioner, Stanley Dale Self's Motion for the Appointment of Counsel for habeas corpus purposes, after reviewing the Motion, the law, and the citations of authority, the Court is of the opinion that the same should be

( ) GRANTED        (✓) DENIED

Done this __27__ day of __April__ 2015.

_____
Presiding Judge, 367 District
Court, Denton County, Texas


_____
ATTORNEY APPOINTED

APPENDIX A (2)