**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00329-CR**
_____

**JAMES ARCENEAUX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-18199**

**MEMORANDUM OPINION**

A jury convicted James Arceneaux of aggravated sexual assault of a child under section 22.021 of the Texas Penal Code and assessed punishment at thirty years of confinement. In three appellate issues, Arceneaux contends that the trial court erred by (1) admitting the recorded interview of the child, (2) allowing an outcry witness to testify during trial, and (3) admitting extraneous offense testimony. We affirm the trial court's judgment.

Background

The State charged Arceneaux with "intentionally and knowingly causing the penetration of the FEMALE SEXUAL ORGAN of [R.H.] by inserting his SEXUAL ORGAN; and [R.H.] was then and there younger than (14) years of age[.]" During the trial, R.H. testified that Arceneaux touched her in a bad way when she was at her aunt's house. R.H. testified that Arceneaux touched the place where she goes "pee pee" with his "dick."

Nancy Blitch, a forensic interviewer, who conducted an interview with R.H., also testified at trial. According to Blitch, R.H. was six years old when the interview occurred, and R.H. was "very active throughout the interview." R.H. provided details that were consistent with the details that Blitch received from law enforcement and other agencies. R.H. identified Arceneaux as the person who had sexually abused her.

The jury heard testimony from Walter Oliver, R.H.'s uncle, who the trial court allowed to testify as the outcry witness. Oliver testified that R.H. told him that Arceneaux had "stuck his thing inside of her thing[,]" and that when R.H. said "thing," she pointed to her vagina. R.F., R.H.'s sister, testified that Arceneaux had touched R.F.'s genitals with his hand on more than one occasion and had shown her his genitals. R.F. further testified that she saw Arceneaux touch R.H.'s genitals

2

with his hand and put his "thing" in R.H. The jury found Arceneaux guilty of sexually assaulting R.H. and assessed punishment at thirty years' imprisonment. The trial court sentenced Arceneaux to thirty years in prison. Arceneaux appeals the trial court's judgment.

## Analysis

In issue one, Arceneaux complains that the trial court erred by admitting R.H.'s recorded interview after R.H. had already testified at trial. During Blitch's testimony, the State offered into evidence a recording of R.H.'s interview. At that point, Arceneaux's counsel objected based on hearsay and argued that the admission of the recording violated Rule 403. *See* Tex. R. Evid. 403. The prosecutor argued that because the defense was trying to impeach R.H., the recording was being offered to show that R.H.'s previous statement was consistent with her trial testimony. The trial court overruled Arceneaux's counsel's objection to the admission of the recording. The trial court found that R.H.'s recorded interview was not hearsay, the recording was admissible under Rule 801 as a prior consistent statement, and the recording was offered to rebut an express or implied charge of recent fabrication, improper influence, or motive. *See* Tex. R. Evid. 801(e)(1)(B). The trial court further found that the "prejudice of its admission does not substantially outweigh the probativeness."

3

We review a trial court's determination that a prior consistent statement is admissible under an abuse of discretion standard, and we will not reverse as long as the judge's decision lies within the zone of reasonable disagreement. *Hammons v. State*, 239 S.W.3d 798, 806 (Tex. Crim. App. 2007); *Fears v. State*, 479 S.W.3d 315, 332 (Tex. App.—Corpus Christi 2015, pet. ref'd). Rule 801 of the Texas Rules of Evidence provides that a statement is not hearsay if the declarant testifies at trial, is subject to cross-examination concerning the statement, and the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. Tex. R. Evid. 801(e)(1)(B). A trial court has substantial discretion to admit a prior consistent statement even if there has been only a suggestion of conscious alteration or fabrication. *Fears*, 479 S.W.3d at 332 (citing *Hammons*, 239 S.W.3d at 804-05). In *Hammons*, the Texas Court of Criminal Appeals explained that:

> [A] reviewing court, in assessing whether the cross-examination of a witness makes an *implied* charge of recent fabrication or improper motive, should focus on the "purpose of the impeaching party, the surrounding circumstances, and the interpretation put on them by the [trial] court." Courts may also consider clues from the voir dire, opening statements, and closing arguments. From the totality of the questioning, giving deference to the trial judge's assessment of tone, tenor, and demeanor, could a reasonable trial judge conclude that the cross-examiner is mounting a charge of recent fabrication or improper motive? If so, the trial judge does not abuse his discretion in admitting a prior consistent statement that was made before any such motive to fabricate arose.

4

*Hammons*, 239 S.W.3d at 808-09 (footnotes omitted).

The record shows that defense counsel attacked R.H.'s credibility during the trial. During voir dire, defense counsel questioned the prospective jurors about their experiences with children lying. During defense counsel's cross-examination of R.H., defense counsel asked R.H. if somebody else had told her what she was supposed to say. During opening statements, defense counsel stated that he believed the evidence would show that the family has a history of making accusations of molestation and that the "family continues to lie and [is] now teaching the children to lie." During closing arguments, defense counsel argued that R.H. had "many different stories as far as how this sexual assault allegedly happened." Defense counsel argued that this case was about credibility and also implied that the family was "us[ing] their children to get back at somebody else."

The trial court evidently interpreted the "tone, tenor, and demeanor" of defense counsel as attacking R.H.'s credibility and raising a charge of fabrication. *See Hammons*, 239 S.W.3d at 808. Thus, the purpose of the impeaching party, the surrounding circumstances, and the trial court's interpretation of the questioning all support the trial court's ruling. *See id.* Because the trial court has "substantial discretion" to admit prior consistent statements after determining that the witness's credibility has been challenged, we conclude that the trial court did not abuse its

5

discretion by determining R.H.'s recorded interview was admissible under Rule 801 as a prior consistent statement. *See id.* at 804-05.

We further conclude the trial court did not abuse its discretion by determining that the admission of the recording was more probative than prejudicial. Rule 403 of the Texas Rules of Evidence provides as follows: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g).

In determining whether the trial court abused its discretion by admitting the evidence, we must balance the inherent probative force of the proffered item of evidence along with the proponent's need for that evidence against (1) any tendency of the evidence to suggest a decision on an improper basis, (2) any tendency of the evidence to confuse or distract the jury from the main issues, (3) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (4) the likelihood that

presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). The trial court in this case concluded that:

> The fact of the matter is any of this evidence is going to be highly prejudicial, but the Court is inclined to admit it under the purposes and the reasons proffered by the State of Texas and would find that the prejudice of its admission does not substantially outweigh the probativeness. Any . . . evidence . . . presented that a child has been sexually assaulted is of the highest prejudicial nature. . . . And the question is in light of the circumstances of the testimony, whether it's in the best interest of justice and under the rules of evidence to admit it; and the Court is going to allow its admission for the purposes that are being proffered by the State of Texas.

The trial court could have reasonably concluded that the State demonstrated it needed the evidence to counter the defense's theory that R.H. lacked credibility, that the evidence did not consume an inordinate amount of time or merely repeat evidence already admitted, and that the evidence did not have a tendency to suggest a decision on an improper basis or to confuse or distract the jury from the main issues in the case. *See Gigliobianco*, 210 S.W.3d at 641-42. Weighing the above factors, we conclude the trial court's determination that the admission of the recording was more probative than prejudicial is within the zone of reasonable disagreement. We overrule issue one.

In issue two, Arceneaux argues that the trial court erred by allowing Oliver to testify as the outcry witness because Oliver was not the first person over

eighteen to whom R.H. spoke about the offense. Prior to trial, the State provided Arceneaux with notice of its intent to have Oliver testify as the outcry witness. Defense counsel objected to Oliver's testimony based on hearsay. The trial court conducted a hearing to determine the reliability of the outcry statement and to determine whether Oliver was the first person R.H. had told in a discernible manner. The State argued that Oliver was the first outcry witness whom R.H. clearly relayed the allegations because Oliver was the only person that R.H. told about Arceneaux "sticking his thing in her." Defense counsel argued that Oliver was not the first outcry witness, but also conceded that there was no evidence that R.H. had outcried in a discernible fashion to someone other than Oliver.

The trial court noted that "to qualify as an outcry statement . . . an outcry statement must be more than a general [a]llusion [to] sexual abuse and the child must have described the alleged offense in some discernible way amounting to more than words which give a general [a]llusion that something in the area of child abuse was going on." Oliver testified outside the presence of the jury concerning the circumstances surrounding R.H.'s outcry statement and the contents of her statement. After hearing Oliver's testimony, the trial court allowed Oliver to testify as the outcry witness under article 38.072 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2015). The

8

trial court found that the "statement has reliability sufficient under the law for its admissibility based upon the time, content[,] and circumstances of the making of the statement[,]" and that R.H.'s statement to Oliver "is clear and unambiguous and is consistent with other evidence that has been received so far in this trial[.]" The trial court further found that there was no suggestion that the child had any basis to fabricate this story or motive to do so, the child appreciated the difference between truth and falsity, and under the circumstances of the evidence, the accused had the opportunity to commit the offense as alleged.

We review a trial court's decision to admit an outcry statement under an abuse of discretion standard. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd). A trial court has broad discretion in determining the admissibility of the proper outcry witness, and we will uphold the trial court's finding so long as the finding is supported by the evidence. *Reyes*, 274 S.W.3d at 727.

Article 38.072 allows for the admission of otherwise inadmissible hearsay in the prosecution of offenses against children fourteen years and younger. *See* Tex. Code Crim. Proc. Ann. art. 38.072. The statute applies to statements describing the alleged offense that are made by the child against whom the offense was allegedly committed, and that are made to the first person, eighteen years of age or older,

9

other than the defendant. *Id.* § 2(a)(2), (3). "To qualify as an outcry statement under article 38.072, the statement must be more than a general allusion of sexual abuse and the child must have described the alleged offense in some discernible way, that being 'more than words which give a general allusion that something in the area of child abuse was going on.'" *Reyes*, 274 S.W.3d at 727 (quoting *Garcia*, 792 S.W.2d at 91). The trial court must conduct a reliability hearing outside the presence of the jury to determine whether the statement is reliable and whether the witness may be designated as an outcry witness. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(1)(C)(2); *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011).

The record shows that the trial court conducted a hearing outside the presence of the jury to determine the reliability of the outcry statement, and during that hearing, Arceneaux's counsel admitted there was no evidence showing that R.H. had outcried in a discernible fashion to someone other than Oliver. The record reflects that R.H.'s statements to Oliver included a description of the alleged offense with R.H. describing how Arceneaux had put his "thing" into her "thing." According to Oliver, it was clear to him that R.H. had alleged that Arceneaux put his penis in R.H.'s vagina. The trial court found that the outcry statement was reliable and admitted Oliver's testimony as the outcry witness under

10

article 38.072. We hold that the trial court did not abuse its discretion in determining that Oliver was the proper outcry witness or in allowing Oliver to testify as the outcry witness. *See Garcia*, 792 S.W.2d at 92; *Reyes*, 274 S.W.3d at 727. We overrule issue two.

In issue three, Arceneaux contends that the trial court erred by allowing R.F. to testify concerning other criminal acts Arceneaux had allegedly committed in violation of Rule 404(b) of the Texas Rules of Evidence. *See* Tex. R. Evid. 404(b). Arceneaux also argues that R.F.'s testimony was more prejudicial than probative. *See* Tex. R. Evid. 403.

We review a trial court's decision to admit extraneous offense evidence under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009); *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We also give deference to a trial court's ruling on the balance between the probative value of the evidence and the danger of unfair prejudice. *De La Paz*, 279 S.W.3d at 343; *see* Tex. R. Evid. 403. We will uphold the trial court's ruling as long as it is within the zone of reasonable disagreement. *Moses*, 105 S.W.3d at 627 (citing *Montgomery*, 810 S.W.2d at 391). A trial court's ruling is generally within the zone of reasonable disagreement if the extraneous offense evidence is relevant to a material, non-propensity issue, and if the probative value of the evidence is not

11

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *De La Paz*, 279 S.W.3d at 344.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Tex. R. Evid. 404(b)(1). However, extraneous offense evidence may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Tex. R. Evid. 404(b)(2). Rebuttal of a defensive theory is also one of the permissible purposes for which relevant evidence may be admitted under Rule 404(b). *Moses*, 105 S.W.3d at 626.

The record shows that the trial court conducted a hearing outside the presence of the jury regarding the extraneous offense evidence. During the hearing, R.F. testified that when she and R.H. went to their aunt's house, Arceneaux would put them on his lap and touch their private areas with his hand. R.F. further testified that Arceneaux had shown them his private parts more than once. Arceneaux's counsel objected to R.F. testifying during trial about any extraneous offenses Arceneaux allegedly committed because they were inadmissible under Rule 404(b). The trial court found that R.F.'s testimony was admissible under Rule 404(b) for the following reasons:

Under Rule 404(b), it does rebut the inference of the defendant's strategy that this Court has drawn that the complainant lacks credibility; and this supports the credibility of the complainant's testimony. It also shows a common scheme of conduct of sexual assault involving children and whether [it's] indecency with a child or actually sexual assault, those are sexual assault offenses under the sexual assault chapter. They are all dealt with as the same subject matter. It also shows an opportunity for the defendant to commit these offenses because he's alleged in this instance of this witness and the complainant occurring at the same location under similar circumstances. And also, it shows a motive and that is the propensity of sexual acts involving victimization of children[.]

Based on the record, the trial court could have reasonably concluded that R.F.'s testimony was admissible to rebut Arceneaux's defensive theory that R.H. lacked credibility, and thus had relevance apart from its tendency to show Arceneaux's character and that Arceneaux acted in conformity therewith. *See* Tex. R. Evid. 404(b); *Montgomery*, 810 S.W.2d at 394; *Self v. State*, 860 S.W.2d 261, 263 (Tex. App.—Fort Worth 1993, pet. ref'd) (holding that proof of similar acts may be admissible when one accused of sexually assaulting a child challenges the credibility of the complainant). The record shows that during R.H.'s cross-examination, defense counsel asked R.H. if someone had told R.H. what to say during trial. Defense counsel also questioned Oliver about whether R.H. had a tendency to lie. R.F.'s testimony was relevant because it had a tendency to make the determination that Arceneaux sexually assaulted R.H. more or less probable. *See* Tex. R. Evid. 401. R.F.'s testimony was also relevant to show a common

13

scheme, opportunity, and motive. *See* Tex. R. Evid. 404(b)(2); *Montgomery*, 810 S.W.2d at 387. We hold that the trial court did not abuse its discretion by determining that R.F.'s testimony was admissible under Rule 404(b).

Arceneaux also argues that even if R.F.'s testimony is admissible under Rule 404(b), the trial court should have excluded the testimony because it was more prejudicial than probative. *See* Tex R. Evid. 403. Once a trial court determines that extraneous offense evidence is admissible under Rule 404(b), the trial court must, upon proper objection by the opponent of the evidence, weigh the probative value of the evidence against its potential for unfair prejudice. *Gigliobianco*, 210 S.W.3d at 641-42.

Having held that the trial court did not abuse its discretion by finding that R.F.'s testimony was admissible under Rule 404(b), we must now determine whether the trial court abused its discretion by determining that the probative value of R.F.'s testimony outweighed any unfair prejudicial impact. *See Gigliobianco*, 210 S.W.3d at 641-42; *Rivera v. State*, 269 S.W.3d 697, 706-07 (Tex. App.—Beaumont 2008, no pet.) (conducting a Rule 403 analysis to determine whether extraneous offense evidence is more probative than prejudicial). Our review of the record shows that the trial court could have reasonably concluded that the State's need for the evidence was considerable since Arceneaux's defensive theory

14

challenged R.H.'s credibility. *See generally Gigliobianco*, 210 S.W.3d at 641-42. The trial court could have reasonably concluded that R.F.'s testimony did not tend to suggest that the jury decide the case on an improper basis or tend to confuse or distract the jury from the primary issues. *See generally id.* The trial court could have also reasonably concluded that R.F.'s testimony would not consume an inordinate amount of time or repeat evidence already admitted. *See generally id.*

We conclude that the trial court did not abuse its discretion by determining that the probative value of R.F.'s testimony outweighed the potential prejudice to Arceneaux. Because the trial court's decision to admit the extraneous offense evidence is within the zone of reasonable disagreement, we conclude that the trial court did not abuse its discretion by overruling Arceneaux's objections to the extraneous offense evidence. *See De La Paz*, 279 S.W.3d at 343-44. We overrule issue three. Having overruled all of Arceneaux's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 23, 2015
Opinion Delivered September 28, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.