**Rickie RAMIREZ a/k/a Richie Ramirez, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–97–187 CR.

Court of Appeals of Texas, Beaumont.

Submitted March 27, 1998.

Decided April 22, 1998.

Ernest Barrientos, Conroe, for Appellant.

Michael McDougal, District Attorney, Gail Kikawa McConnell, Assistant District Attorney, Conroe, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

A jury convicted Rickie Ramirez, who is also known as Richie Ramirez, of indecency with a child. The jury assessed punishment at 20 years confinement in the Texas Department of Criminal Justice, Institutional Division, and a $2,500 fine. Ramirez presents five points of error in his appeal.

The first two points of error, presented in a single argument, challenge the legal and factual sufficiency of the evidence to support the jury's verdict of guilt. The standard of review is the same for both direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). We

measure the sufficiency of the evidence against a hypothetically correct charge which "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried .... regardless of the specific wording of the jury charge actually given." *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App.1997).

In reviewing the legal sufficiency of the evidence, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573 (1979).

In determining the factual sufficiency of the evidence, we review all of the evidence impartially, and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 135 (Tex.Crim.App.1996). Defense evidence and alternate reasonable hypotheses may be considered. *Id.* at 134. We review the evidence weighed by the jury which tends to prove the existence of the elemental fact in dispute, and compare it to the evidence which tends to disprove that fact. *Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997). We may reverse a judgment for factual insufficiency even if probative evidence exists which supports the verdict, but cannot substitute our own judgment for that of the fact finder. *Id.; Clewis,* 922 S.W.2d at 133. We "must defer to jury findings, and may find the evidence factually insufficient only where necessary to prevent manifest injustice." *Cain v. State,* 958 S.W.2d 404, 407 (Tex.Crim. App.1997). If the verdict is so against the great weight and preponderance of the evidence presented at trial so as to be clearly wrong and unjust, we will reverse the judgment and remand to the trial court for a new trial. *Clewis,* 922 S.W.2d at 135.

■ First, Ramirez contends the victim, J.B., had difficulty identifying him at trial. She was twelve years old at the time of the offense and 15 years of age at trial. When asked to identify her attacker, J.B. stated "I don't really recognize him, because I haven't seen him in a long time." Later in her testimony, J.B. positively identified Ramirez as the person who touched her genitals. She also identified him as one of Betty Sue Ramirez Gates's children. J.B. thought he was 19 at the time of the offense. Gates testified her children were a nine-year-old son, six and thirteen-year-old daughters, and the defendant, who was about 20 years of age at the time of the offense. Other testimony by Gates established J.B. made outcry against Ramirez the night the offense occurred. We find the jury could have found beyond a reasonable doubt that Ramirez was the person who fondled J.B. No evidence suggested a different person may have been the actor. Other than J.B.'s initial inability to positively identify Ramirez, the appellant identifies no evidence which tends to disprove identity. We hold the evidence of identity to be factually sufficient.

■ Both the indictment and the jury charge included the allegation Ramirez engaged in sexual contact with J.B. by touching J.B.'s genitals with his "finger and hand." Ramirez concedes evidence in the record establishes he touched J.B. with his hand, but argues the evidence does not prove he touched J.B. with his finger. J.B. testified Ramirez touched her vagina with his hand. She did not specify which part of his hand he used to affect the touch. As Ramirez recognizes in his brief, under *Malik* we measure the evidence against a hypothetically correct charge. Where the State indicts alleging indecency by touching with "hand and finger," a hypothetically correct jury charge would provide "hand or finger." We find the evidence to be both legally and factually sufficient to support the jury verdict. Points of error one and two are overruled.

■ Point of error three contends the trial court erred in allowing Betty Sue Ramirez Gates, the appellant's mother, to testify as an outcry witness about statements made to her by the complainant. Conceding Gates was the first adult person J.B. spoke to after the offense, Ramirez argues J.B. did not describe the event in sufficient detail for her state-

ment to Gates to qualify as outcry. Hearsay testimony may be admitted in the prosecution of an offense committed against a twelve-year-old child, provided the witness was the first person age·eighteen or older to whom that child made a statement about the offense. TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Pamph.1998). "Statement about the offense" means the child gave more than a general allusion of sexual abuse, describing the alleged offense in some discernible manner. *Garcia v. State*, 792 S.W.2d 88, 91 (Tex.Crim.App.1990).

■ On voir dire, Gates testified J.B. told her Ramirez "was touching her in places that he shouldn't." Gates was· awakened at 3:00 a.m. by J.B. who told Gates that Ramirez "was messing with· her" by trying to touch J.B.'s "top," or breasts. At trial, J.B. testified she told Gates that Ramirez had touched J.B. on her privates. J.B. described to Gates what is unmistakably an act of indecency with a child. We hold the trial court did not abuse its discretion in ruling J.B.'s statement to Gates qualified as an outcry statement under article 38.072. Point of error three is overruled.

The fourth point of error urges the trial court erred in overruling the appellant's objections to the jury charge on guilt/innocence. Defense counsel objected to the inclusion of a definition of "sexual contact" and asked that the entire paragraph be stricken from the charge because the State had elected to proceed on a theory of touching the genitals of J.B. with the defendant's hand and finger.

On appeal, Ramirez argues the State was allowed to proceed on a theory not alleged in the indictment: touching the anus, breast, or any part of the genitals. The State concedes it is error to refer to a theory of law in the abstract portion of the· charge and not to apply the law or refer to that law in the application paragraph of the jury charge, but contends no harm resulted from the inclusion of the entire statutory definition of "sexual contact."

■ It is the application paragraph of a jury charge which authorizes conviction, and an abstract charge on a theory of law which is not applied to the facts is insufficient to bring that theory before the jury. *McFarland v. State*, 928 S.W.2d 482, 515 (Tex.Crim. App.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). An abstract statement of the law that goes beyond the allegations in the indictment ordinarily will not present reversible error because ordinarily such expansions on the indictment's allegations are effectively restricted by the charge's application of the law to the facts, which limits the jury's deliberations to the allegations in the indictment supported by evidence. *Sandig v. State*, 580 S.W.2d 584, 586 (Tex.Crim.App.1979). In *Sandig*, the application paragraph did not limit the jury's consideration to the theory alleged in the indictment. *Id.* In discussing *Sandig* and other cases on this issue, the Court of Criminal Appeals explained:

> [S]uperfluous abstractions, those not necessary to an understanding of concepts or terms contained in the application paragraph, are generally innocuous. Reversible error only occurs in the giving of an abstract instruction when the instruction is an incorrect or misleading statement of a law which the jury must understand in order to implement the commands of the application paragraph.... The inclusion of a merely superfluous abstraction, therefore, never produces reversible error in the court's charge because it has no effect on the jury's ability fairly and accurately to implement the commands of the application paragraph or paragraphs.

*Plata v. State*, 926 S.W.2d 300, 302–303 (Tex. Crim.App.1996), *overruled on other grounds by Malik*, 953 S.W.2d 234 (sufficiency of the evidence).

■ In the case before this Court, the application paragraph limited the circumstances upon which the jury was authorized to convict Ramirez to the circumstances alleged in the indictment. We hold the trial court's failure to limit the abstract portion of the charge to the circumstances present in the case was harmless. Point of error four is overruled.

The final point of error contends the trial court erred in admitting evidence of the appellant's prior juvenile adjudications and his prior felony record of convictions for unau-

thorized use of a motor vehicle and burglary of a building. Ramirez argues the State failed to provide adequate notice of its intent to introduce this evidence in the trial's punishment phase.

On January 2, 1997, Ramirez filed his "Request for Notice of Intent to Offer Extraneous Conduct Under Rule 404(b) and Evidence of Conviction Under Rule 609(f) and Evidence of an Extraneous Crime or Bad Act Under Article 37.07." On February 20, 1997, the State provided a notice of intent to introduce extraneous offenses, but the notice did not include Ramirez's prior felony convictions for burglary of a building with intent to commit theft and for unauthorized use of a motor vehicle. Notice of the State's intent to introduce these two offenses was provided on March 7, 1997. Neither the February 20 nor the March 7 notice appears in the record. Trial commenced March 10, 1997.

■ Rule 404 provides that upon timely request by the accused, reasonable notice shall be given in advance of trial of intent to introduce extraneous offenses in the State's case in chief. TEX.R.CRIM. EVID. 404(b). Rule 404(b) does not, however, apply to the punishment phase of the trial, which is the point in the trial where the State offered the convictions in question. TEX.R.CRIM. EVID. 404(c). Since Ramirez did not testify, Rule 609 does not apply, either. TEX.R.CRIM. EVID. 609(a), (f). The adequacy of the State's notice is controlled by Article 37.07 sec. 3(g), which provides, in pertinent part: "On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence." TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(g) (Vernon Supp.1998). The pertinent part of Rule 404(b) provides: "[U]pon timely request by the accused, reasonable notice [shall be] given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction." TEX.R.CRIM. EVID. 404(b). In this case, the record does not reflect that the State failed to give notice of its intent to introduce Ramirez's prior juvenile adjudications and prior felony convictions in advance of trial. The issue is, therefore, whether the notice given was "reasonable."

Ramirez cites no authority in support of the proposition that a notice given the Friday prior to the start of trial is not reasonable. The State candidly identifies two cases which held a Friday afternoon notice unreasonable: *Neuman v. State*, 951 S.W.2d 538 (Tex. App.—Austin 1997, no pet.), and *Hernandez v. State*, 914 S.W.2d 226 (Tex.App.—Waco 1996, no pet.). In *Hernandez*, the appellant's request for notice had been on file for over 10 months. In *Neuman* the request had been made six weeks earlier and defense counsel was not given the notice until the morning of trial. In a third appeal, *Self v. State*, the court found reasonable notice where the request was made nineteen days before trial and notice was provided five days before trial. *Self v. State*, 860 S.W.2d 261, 264 (Tex.App.—Fort Worth 1993, pet. ref'd).

The situation presented in this case is somewhere between *Hernandez* and *Neuman* on one hand and *Self* on the other. The trial court originally sustained the objection to the evidence and only reversed his ruling when it became clear defense counsel had seen the judgments in the State's file months earlier and was asserting a lack of notice of intent to introduce the convictions in punishment, rather than asserting a discovery violation. Defense counsel had more than two weeks notice of the State's intent to use the juvenile adjudications. The trial court may have determined three days was an adequate period of time in which to prepare to challenge the penitentiary packets of the felony convictions. The trial judge's ruling, not being outside the zone of reasonable disagreement, did not constitute an abuse of discretion.

In an unrelated challenge in his argument under point of error five, Ramirez urges that he was not shown to be the same person adjudicated delinquent in State's Exhibits two through five. Appellant's mother, Betty Sue Ramirez Gates, testified Ramirez committed aggravated sexual assault against her daughter and step-daughter, but she did not recall him being sentenced to the Texas Youth Commission. Valerie Martel Williams testified she was Ramirez's probation officer,

and State's Exhibits two through five were the original petition, stipulation of evidence, adjudication order, and dispositional order. She knew Appellant Ramirez to be the same person set out in the exhibits. These exhibits document the adjudication and disposition for aggravated sexual assault against the two children Gates identified as her daughter and step-daughter. The trial court did not abuse its discretion in admitting the exhibits into evidence. Point of error five is overruled.

We affirm the judgment and sentence of the trial court.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent to the majority's disposition of point of error five. The majority holds that the State giving notice of intent to use prior felony convictions on Friday before trial began on Monday is reasonable, therefore the trial court did not abuse its discretion. The majority acknowledges the trial judge originally sustained the objection[1] and reversed himself upon learning the State had maintained an "open file" policy and defense counsel had knowledge of the felony convictions and judgments prior to receiving the State's notice.

As recognized by the majority, three courts have looked at this issue. In *Neuman v. State*, 951 S.W.2d 538, 540 (Tex.App.— Austin 1997, no pet.) the court held under the reasonable notice requirement of Tex. R.Crim. Evid. 404(b)[2] that a prosecutor's open-file policy did not comply with Rule 404(b)'s notice requirement, citing *Buchanan v. State*, 911 S.W.2d 11 (Tex.Crim.App.1995),[3] and that receipt of the notice on the morning of trial was not reasonable notice.

In *Hernandez v. State*, 914 S.W.2d 226, 234–38 (Tex.App.—Waco 1996, no pet.), the court also held that a prosecutor's open-file policy did not comply with Rule 404(b)'s notice requirement, citing *Buchanan v. State*, and that notice given on the Friday afternoon before trial on Monday was not reasonable notice and therefore error. The court then concluded the error was harmless.

In *Self v. State*, 860 S.W.2d 261, 263–64 (Tex.App.—Fort Worth 1993, pet. ref'd), the court observed there were no cases addressing the meaning of "reasonable notice" under Rule 404(b) and held that a five-day notice was sufficient since the defendant only requested the notice nineteen days before trial.

In this case, the trial judge was correct in sustaining the objection initially; he fell into error when the prosecutor persuaded him the open file policy was relevant to the notice requirement. The admitted evidence was two prior felony probations which had been revoked. These convictions were argued by the prosecutor as a reason, in addition to the

---

1. The objection was based upon Tex.Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon 1989) which states:

    On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

2. Tex.R.Crim. Evid. 404(b), Other Crimes, Wrongs, or Acts, provides:

    Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

3. In *Buchanan*, 911 S.W.2d at 15, the court wrote:

    We cannot conclude that the mere opening of its file containing an offense report detailing extraneous evidence satisfies the requirement of giving notice of "intent to introduce" such evidence. The mere presence of an offense report indicating the State's awareness of the existence of such evidence does not indicate an "intent to introduce" such evidence in its case in chief.

offense committed, for the maximum sentence to be imposed. The jury complied. In light of this, I am unable to determine, beyond a reasonable doubt, that the error made no contribution to the conviction or to the punishment. Tex.R.App. P. 81(b)(2)(replaced) or that the error did not affect a substantial right of the defendant. Tex. R.App. P. 44.2(b). Consequently, I would reverse and remand for a new trial.

