NUMBERS 13-99-498-CR 

AND 

13-99-604-CR THROUGH 13-99-606-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



ALOYCIOUS TEKOI SEBALT , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 156th District Court

 of Bee County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Chief Justice Seerden

 

 Aloycious Tekoi Sebalt, appellant, was charged in three indictments with aggravated sexual assault (Cause Numbers
99-498-CR, 99-604-CR, and 99-605-CR) and in another with indecency with a child (Cause Number 99-606-CR).
Appellant was convicted of all four offenses. He has appealed each of these convictions. We will consider each cause in
turn. 

Cause Number 99-498-CR

 In cause number 99-498-CR, appellant appeals his conviction for aggravated sexual assault. On or about February 28,
1998, appellant met S.D.R. in Beeville. Appellant picked up S.D.R. and her friend in his vehicle, and the three drove
around Beeville. After arriving at a park, appellant had sexual intercourse with S.D.R. in his vehicle. At the time,
appellant was twenty four years old and S.D.R. was thirteen. In a subsequent statement made to police, appellant admitted
that he had sexual intercourse with S.D.R. on several other occasions after this meeting. 

 After a jury trial, appellant was convicted of aggravated sexual assault and sentenced to ten years imprisonment. By five
issues, appellant complains that: (1) the trial court erred in admitting his statement which refers to extraneous offenses
committed by him; (2) he was not given reasonable notice of the State's intention to use the extraneous offenses at trial; (3)
he was not afforded effective assistance of counsel; (4) the ineffective assistance of counsel resulted in injurious jury
misconduct; and (5) there is insufficient evidence to establish that the victim was less than fourteen years old at the time of
the offense. 

 By his first issue, appellant contends the trial court erred in admitting his statement to police which refers to other
instances of sexual intercourse with S.D.R. Specifically, appellant contends that the statement should not have been
admitted because it refers to inadmissible extraneous offenses. See generally Tex. R. Evid. 404(b) (extraneous offenses are
generally not admissible). We note, however, that the code of criminal procedure specifically provides an exception to
Rule 404(b) for cases in which the defendant is charged with aggravated sexual assault of a child under seventeen years of
age. SeeTex. Code Crim. Proc. Ann. art. 38.37, §1 (Vernon 2000). Article 38.37 provides that notwithstanding rule 404: 

 evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged
offense shall be admitted for its bearing on all relevant matters, including: 

 * * * 

 (2) the previous and subsequent relationship between the defendant and the child. 



Tex. Code Crim. Proc. Ann. art. 38.37, §2 (Vernon 2000). Here, the defendant was charged with aggravated sexual assault.
The statement he sought to exclude refers to an on-going sexual relationship with S.D.R., a child under seventeen years of
age. This statement is admissible pursuant to article 38.37. Appellant's first issue is overruled. 

 By his second issue, appellant contends that without regard to the foregoing, the statement should not have been admitted
because he did not have reasonable notice of the State's intention to use the extraneous offenses. Article 38.37 provides
that a defendant who timely requests notice of the State's intent to introduce extraneous offenses during the case-in-chief is
entitled to notice "in the same manner as the state is required to give notice under Rule 404(b)." Tex. Code Crim. Proc.
Ann. art. 38.37, §3 (Vernon 2000). Rule 404(b) provides that the notice of the State's intent need only be reasonable.
SeeTex. R. Evid. 404(b). The defendant is similarly entitled to notice of the State's intent to use extraneous offenses during
the punishment phase, provided he makes a timely request for such information. SeeTex. Code Crim. Proc. Ann. art. 37.07,
§ 3(g) (Vernon 2000). 

 The record reflects that appellant made a request for the state's intent to introduce extraneous offenses on February 18,
1999. The State filed its notice of intent to use extraneous offenses on April 1, 1999, or three days before trial. There is no
authority in support of the proposition that notice given the Friday prior to a Monday trial is per seunreasonable. See
Ramirez v. State, 967 S.W.2d 919, 923 (Tex. App.--Beaumont 1998, no pet.). Instead, the reasonableness of the notice is
determined by all of the facts and circumstances of the case. See id. Several cases closely approximate this situation,
however, and are enlightening on what has been considered reasonable. The Waco Court of Appeals held that so-called
"Friday notice" was unreasonable, but did so in light of the fact that the defendant's request for notice had been on file for
over ten months prior to trial. See Hernandez v. State, 914 S.W.2d 226, 234 (Tex. App.--Waco 1996, no pet.). Similarly,
the Austin Court of Appeals held the State's notice unreasonable when that notice was provided on the morning of trial,
despite the fact that the defendant's request was made six weeks earlier. See Neuman v. State, 951 S.W.2d 538, 540 (Tex.
App.--Austin 1997, no pet.). By contrast, the Fort Worth Court of Appeals held the notice was reasonable when it was
provided five days prior to trial after a request made two weeks earlier. See Self v. State, 860 S.W.2d 261, 264 (Tex.
App.--Fort Worth 1993, pet ref'd). 

 Ultimately, the determination of reasonableness is made by the trial court and is committed to its sound discretion. Here,
in light of the fact that the defense had the statement which contained the references to the extraneous offenses, the trial
court may have determined that three days was an adequate period to eliminate the possibility of surprise. That
determination, being within the zone of reasonable disagreement, did not constitute an abuse of discretion. See
generallyRamirez, 967 S.W.2d at 923. 

 Appellant furthermore contends that he did not have adequate notice of the dates of the extraneous offenses, the county in
which those acts occurred, or the name of the alleged victim. The notice filed by the State includes specific references to
the cause numbers related to the indictment for the extraneous offenses and the county in which the indictments were
returned. From that information, the additional information appellant sought was available to him prior to trial. The trial
court did not abuse its discretion in finding that the State provided appellant with reasonable notice of the extraneous
offenses it intended to use at trial. Appellant's second issue is overruled. 

 By his third and fourth issues, appellant contends that: 

 Appellant's trial attorney rendered ineffective assistance of counsel when he failed to object to the Court's Charge on
Punishment which failed to charge the jury in accordance with the language of Article 37.07, §4 (a) of the Texas Code of
Criminal Procedure, which among other things specifies that the defendant will not be eligible for parole until the actual
time served equals one-half of the sentence imposed. Such failure to object to the charge then resulted in jury misconduct. 



 We measure claims of ineffective assistance of counsel under the familiar standard enunciated in Strickland v. Washington.
See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (citingStrickland v. Washington, 466 U.S. 668, 687,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). This standard requires the appellant to show both that his counsel made serious
errors and that those errors caused serious harm which undermines confidence in the result of the trial. Strickland, 466 U.S.
at 687. We examine the totality of the representation in making this determination. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). The appellant bears the burden of proof and this court applies a strong presumption that counsel's
actions fell within the wide range of reasonable professional assistance. Id. 

 When the defendant is charged with aggravated sexual assault, the trial court "shall charge the jury in writing" as to the
defendant's eligibility for parole prior to the assessment of punishment. Tex. Code Crim. Proc. Ann. art. 37.07, §4 (a)
(Vernon 2000). The record reflects that the court's charge on punishment did not contain this instruction. This omission
amounts to error which is generally subject to harmless error analysis. See Shavers v. State, 985 S.W.2d 284, 291 (Tex.
App.--Beaumont 1999, pet. ref'd). However, appellant has not raised an issue regarding any error by the trial court in
omitting this instruction, and has, instead, couched his contention solely in terms of the effectiveness of counsel's
representation. We will consider the harm caused by this omission only as it relates to the ineffective assistance claim. 

 Appellant suggests that counsel's failure to object to the omission resulted in jury misconduct. Appellant filed a motion for
new trial in which he argued that one member of the jury provided the rest of the jurors with erroneous information about
parole. According to affidavits attached to this motion, at least one juror was willing to testify that these statements
convinced her to change her mind regarding the recommendation for punishment. However, at the hearing on the motion
for new trial, the trial court excluded the testimony of any jurors with regard to the alleged misconduct because such
testimony is specifically inadmissible. See Tex. R. Evid. 606(b). Appellant has not contested the propriety of this ruling.
Thus, there is no evidence in this record to support appellant's allegations of jury misconduct resulting from the omitted
instruction. Therefore, even if counsel's failure to object to the incomplete jury charge constituted a serious error, there is
nothing in the record which suggests that the error caused serious harm. See Strickland, 466 U.S. at 687. Accordingly, we
hold that appellant was not denied effective assistance of counsel. Appellant's third and fourth issues are overruled. 

 Finally, by his fifth issue, appellant contends that the evidence is legally insufficient to establish that the alleged victim
was less than fourteen years old at the time of the offense. In reviewing the legal sufficiency of the evidence, we view the
evidence in the light most favorable to the verdict to determine if a rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560 (1979). 

 The charged offense occurred on or about February 28, 1998. S.D.R., the victim, testified specifically that on February 28,
1998, she was thirteen years old. In fact, she referred to her age on that date several times during her testimony. There is
no conflicting testimony in the record. This evidence is sufficient to permit a reasonable trier of fact to conclude that the
victim was under the age of fourteen at the time of the offense. Appellant's fifth issue is overruled. 

 The judgment of the trial court in cause number 99-498-CR is AFFIRMED. 

Cause Numbers 99-604 through 99-606

 Appellant pleaded guilty to the charges in each of these causes, pursuant to a plea bargain. In each cause, appellant's
court-appointed counsel has filed a brief in which she concludes that the appeal is wholly frivolous and without merit.(1)
These briefs meet the requirments of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that
counsel present a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be
advanced. See High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 

 Counsel suggests that the only arguable ground for appeal in each of these causes is that appellant's pleas were involuntary
because he was provided ineffective assistance of counsel. The alleged ineffectiveness stems from the same allegation
made in cause number 99-498-CR, which we have already held to be unpersuasive, see supra. There is no indication in the
record that appellant's pleas were otherwise involuntary. 

 The judgments of the trial court in cause numbers 99-604-CR through 99-606-CR are AFFIRMED. 





 

 ROBERT J. SEERDEN, Chief Justice 



Dissenting Opinion by Justice Linda Reyna Yañez. 



Publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 31st day of August, 2000. 

 

1. Copies of counsel's briefs have been delivered to appellant, and appellant was advised of his right to file pro se briefs.
No pro se briefs have been filed.



* * * * * * * * * * * *







NUMBERS 13-99-498-CR

 AND

13-99-604-CR THROUGH 13-99-606-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



ALOYCIOUS TEKOI SEBALT, Appellant, 



v.

 

THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 156th District Court of Bee County, Texas. 

___________________________________________________________________ 



DISSENTING OPINION

 

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Dissenting Opinion by Justice Yañez

 

I join in the majority's opinion with regard to cause numbers 13-99-604-CR, 13-99-605-CR, and 13-99-606-CR. However,
I dissent from that portion of the majority opinion affirming appellant's conviction in cause number 13-99-498-CR. I
would hold that the trial court abused its discretion in finding that appellant received reasonable notice of the State's intent
to use extraneous offenses at trial. 

The majority acknowledges that the Waco court has held that "Friday notice" was unreasonable in Hernandez, 914 S.W.2d
at 235, but distinguishes that case on the ground that the request for notice had been on file for ten months in that case,
whereas the request had been on file for only six weeks in this case. While the timing of the defendant's request for notice
has some bearing on the reasonableness of the State's notice, see, e.g., Chimney v. State, 6 S.W.3d 681, 694 (Tex.
App.--Waco 1999, no pet. h.), I think the timing of the State's notice is the more important factor. In this case, the State did
not provide notice until the final business day before trial. Furthermore, the six weeks this request sat on file provided
ample time for the State to respond more promptly than it did. 

In Webb v. State, 2000 WL 64018 (Tex. App--Houston [14th Dist.] Jan. 27, 2000, no pet. h.) the court of appeals held that
notice given on the Thursday preceding a Monday trial was unreasonable where the request had been on file for six months.
While the request for notice in Webb had been pending longer than the request in this case, the defendant was given one
more day's notice than in the instant case, and the notice in Webb was still held unreasonable. 

The majority also states that "in light of the fact that the defense counsel had the statement which contained the references
to the extraneous offenses, the trial court may have determined that three days was an adequate period to eliminate the
possibility of surprise." However, the court of criminal appeals has held that mere awareness by the defendant that the State
possesses extraneous offense evidence is insufficient; the defendant must be provided with reasonable notice of the State's
intent to use that evidence at trial. See Buchanan v. State, 911 S.W.2d 11, 15 (Tex. Crim. App. 1991) (rejecting argument
that defendant's access to prosecution's "open file" containing offense report detailing extraneous offenses constituted
reasonable notice). 

I would hold that the "Friday notice" provided in this case, where the State had six weeks to consider and comply with the
request, was unreasonable, and that the trial court erred in permitting the State to introduce the extraneous offense
evidence. 

I would also hold that this error caused sufficient harm to warrant reversal of the trial court's judgment. Texas courts that
have considered this issue have applied the reversible error standard of rule of appellate procedure 44.2(b). See Webb,
2000 WL 64018 at *7; see also Umoja v. State, 965 S.W.2d 3, 11 (Tex. App.--Fort Worth 1997, no pet.) (op. on reh'g). I
agree that the violation of rule 404(b) and article 37.07 § 3(g) of the code of criminal procedure is non-constitutional error,
and that the proper standard for reversible error is that of rule 44.2(b). 

Under rule 44.2(b), errors must be disregarded unless they "affect a substantial right." Tex. R. App. P. 44.2(b). A
substantial right is affected where the error has a substantial or injurious effect on the jury's verdict. King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997); citing Kotteakos v. United States, 328 U.S. 750, 776, (1946). In Kotteakos, the
U.S. Supreme Court explained the standard of review: 

If, when all is said and done, the [reviewing court] is sure that the error did not influence the jury or had but very slight
effect, the verdict and judgment should stand. . . . But if one cannot say, with fair assurance, after pondering all that
happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the
error, it is impossible to conclude that substantial rights were not affected. 

Kotteakos, 328 U.S. at 764-65. 

In this case, the extraneous offense evidence informed the jury that appellant had admitted to committing the offense of
aggravated sexual assault three other times in addition to the one offense he was charged with. I cannot say with fair
assurance that the jury was not influenced by the knowledge of these additional offenses when it assessed appellant's
punishment. I would reverse the judgment in cause number 13-99-498-CR and remand for further proceedings. 


LINDA REYNA YAÑEZ 

Justice 



Publish. Tex. R. App. P. 47.3. 



Dissenting Opinion delivered and filed 

this the 31st day of August, 2000.