NUMBER 13-02-00655-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

ERVIN EUGENE WILKERSON,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 329th District Court of Wharton County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Ervin Eugene Wilkerson, guilty of the offense of assault of
a public servant


 and, after finding the enhancement paragraphs in the indictment to be
true, assessed his punishment at twenty-eight years imprisonment. The trial court has
certified that this case is not a plea-bargain case, and the defendant has the right to
appeal. See Tex. R. App. P. 25.2(a)(2). In two issues, appellant contends the trial court
erred (1) by refusing to grant his motion for continuance and (2) by admitting evidence of
extraneous offenses during the punishment phase of his trial. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
A. Denial of Motion for Continuance 
          In his first issue, appellant contends the trial court erred by refusing to grant his
motion for continuance. He asserts the refusal constituted a denial of his Sixth
Amendment right to counsel.
          Where the denial of a continuance has resulted in representation by counsel who
was not prepared, the courts have not hesitated to declare an abuse of discretion. 
Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). However, the granting
of a motion for continuance is still within the sound discretion of the trial court. Id. To find
an abuse of discretion in a trial court’s refusal to grant a motion for continuance, an
appellant must show that he was prejudiced by his counsel’s inadequate preparation time. 
Id.; Duhamel v. State, 717 S.W.2d 80, 83 (Tex. Crim. App. 1986). 
          At a pretrial hearing, counsel for appellant, Donna Benge, asked leave of court to
question appellant regarding “his choice of attorneys.” Appellant testified that when he
retained Benge to represent him, Benge told him that Lorna Henson, a former employee
of the district attorney’s office, would sit as second chair on his defense team. Benge said
that Henson had a possible conflict of interest because she had prosecuted appellant in
the past. Appellant testified he understood the conflict, but he still wanted Henson to assist
Benge in defending him. He reiterated that he wanted Henson to be second chair on his
defense team. The record contains a waiver of conflict of interest signed by appellant. 
          Henson testified that because the “appropriate government agency” did not consent
to her representation of appellant, she had no choice but to disqualify herself. Benge then
orally moved for a continuance, asserting that if she was forced to go forward without
Henson as second chair, she felt she would be ineffective. The State responded that: (1)
it had not moved to disqualify Henson; (2) Henson had disqualified herself; and (3) whether
she assisted as second chair in the case was entirely her choice. Appellant’s motion for
continuance was denied.
          Appellant contends the denial of his motion for continuance forced him to go to trial
with an attorney who was not fully prepared. However, he does not argue, much less
establish, any specific prejudice to his defense from the trial court’s failure to continue the
trial. He does not claim he was unfairly surprised at trial or unable to effectively cross-examine any of the State’s witnesses. The bare assertion that counsel did not have
adequate time to prepare does not demonstrate prejudice. See Heiselbetz, 906 S.W.2d
at 512. Absent a showing of prejudice, we cannot hold that the trial court abused its
discretion. Appellant’s first issue is overruled.
B. Admission of Extraneous Offense Evidence
          In his second issue, appellant contends the trial court erred in admitting evidence
of certain extraneous offenses not included in the State’s notice during the punishment
phase of the trial. We review a trial court’s decision to admit evidence under an abuse-of-discretion standard. Allen v. State, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003). A trial
court must be given wide latitude to admit or exclude evidence as it sees fit. Theus v.
State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). As long as the trial court’s ruling is
within the zone of reasonable disagreement, the appellate court may not disturb it. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex Crim. App. 1990). 
          Evidence of other crimes, wrongs, or acts may be admissible in the punishment
phase of the trial so long as reasonable notice is given to the defendant. See Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon Supp. 2004); Tex R. Evid. 404(b). The purpose
of this notice requirement is to avoid unfair surprise and trial by ambush. Nance v. State,
946 S.W.2d 490, 493 (Tex. App.–Fort Worth 1997, pet. ref’d). Whether notice is
reasonable is to be determined by all the surrounding facts and circumstances. See Sebalt
v. State, 28 S.W.3d 819, 822 (Tex. App.-Corpus Christi 2000, no pet.) 
          On October 17, 2002, the trial court ordered the State to provide appellant written
notice, at least ten days prior to trial, of its intention to introduce evidence of other crimes,
wrongs, or acts. The court further ordered that if the State did not provide such notice, it
would not allow the State to introduce such evidence. Trial was scheduled for October 28,
2002. 
          On October 17, 2002, the State filed its notice of intention to introduce evidence of
other crimes, wrongs or acts. On October 21, 2002, (seven days before trial) the State
filed an amended notice, and on October 25, 2002, (three days before trial) the State filed
a second amended notice. The court found the amended notices to be reasonable and
allowed the State to introduce evidence of the crimes, wrongs, and acts specified in the
amended notices during the punishment phase of the trial.
          There is no authority that notice given the Friday prior to a Monday trial is per se
unreasonable. See Sebalt, 28 S.W.3d at 821-22; Ramirez v. State, 967 S.W.2d 919, 923
(Tex. App.–Beaumont 1998, no pet.). In light of the fact that three days notice has been
found to be reasonable when the defense had the statement which contained references
to the extraneous offenses, see Sebalt, 28 S.W.3d at 822, the trial court has the authority
to amend its own orders, and appellant has failed to demonstrate unfair surprise, we
conclude the trial court did not abuse its discretion in determining that the amended notices
were reasonable. Appellant’s second issue is overruled.
          The judgment of the trial court is affirmed.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 12th day of August, 2004.