NUMBERS 13-02-066-CR AND 13-02-067-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
TRAVIS GABRIEL,                                                                       Appellant,
v.
THE STATE OF TEXAS                                                                 Appellee.



On appeal from the 138th District Court
of Cameron County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez
          After a jury trial, appellant, Travis Gabriel, was convicted of murder and three counts
of aggravated assault.


 The jury assessed punishment at thirty-five years confinement for
the count of murder and five years confinement for each count of aggravated assault. 
Appellant raises the following six issues on appeal:


 (1) the evidence was legally
insufficient to support his conviction for murder; (2) the evidence was factually insufficient
to support his conviction for murder; (3) the evidence was legally insufficient to support his
convictions for aggravated assault; (4) the evidence was factually insufficient to support his
convictions for aggravated assault; (5) the trial court erred by denying his motion for mistrial
after improper comment was made regarding his post-arrest silence; and (6) the trial court
erred by allowing the State to present evidence of extraneous acts at the punishment
phase after the State failed to give proper notice. We affirm. 
 I. FACTS
          At trial, the State presented evidence that Michael Rosales, Richard Reyes,
Chriselda Torres, and Jenny Corona were in the backyard of a home in Harlingen, Texas
on April 8, 2001. Rosales was standing near the open passenger door of a truck, and
Reyes, Torres, and Corona were seated inside the truck. Reyes saw two individuals,
appellant and Gustavo David Sanchez, crouched down in the alleyway with their heads
together, doing something with their hands. Reyes called Rosales's attention to appellant
and Sanchez. Appellant and Sanchez approached Reyes and the others. Sanchez then
lifted his left arm and fired a gun several times. A bullet struck Rosales in his lower back,
and Rosales was later pronounced dead. An autopsy revealed Rosales died from this
gunshot wound.
          Reyes told Officer Charles Fechner of the Harlingen Police Department that he
recognized one of the persons involved in the shooting, identified the person as "Travis,"
and told Fechner where Travis lived. After some investigation, Detective Sergeant Alvaro
R. Garcia arrived at appellant's apartment and found appellant and Sanchez in the same
bedroom, apparently asleep yet fully clothed. A spent shell casing was also discovered in
the home. Police officers transported Sanchez and appellant to the police station. 
Photographs were taken of Sanchez and appellant. Reyes identified the persons in the
photograph as the two persons involved in the shooting.


 
          Appellant's mother later found a gun and turned it over to police. Ballistic testing
tied this weapon to the bullet recovered from Rosales's body, a spent slug found near the
truck, and the empty shell casing found in appellant's home. 
II. LEGAL SUFFICIENCY
          In his first and third issues, appellant challenges the legal sufficiency of the evidence
to support his convictions for murder and aggravated assault. Specifically, appellant
contends that: (1) “the State did not prove that the offenses were committed by Appellant’s
conduct;” and (2) “the State did not prove that Appellant, either by words or agreement,
solicited, encouraged, directed, aided, or attempted to aid David Sanchez, the co-defendant, to commit theses offenses.” 
A. Standard of Review and Applicable Law 
          A legal sufficiency challenge requires us to question whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979). In reviewing a challenge to the legal sufficiency of the evidence,
we consider only the evidence and inferences tending to support the findings and disregard
all evidence and inferences to the contrary. Love v. State, 972 S.W.2d 114, 118 (Tex.
App.–Austin 1998, pet. denied). A reviewing court must not consider whether it is
persuaded by the State’s evidence; rather, the trier of fact is the sole judge of the credibility
of the witnesses and the weight of the evidence. Bonham v. State, 680 S.W.2d 815, 819
(Tex. Crim. App. 1984).
          In analyzing issues of legal sufficiency, the evidence is measured against the
elements of the offense as defined by a hypothetically correct jury charge. Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). “Such a charge would be one that
accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was tried.” Id.
          Section 19.02 of the penal code states, in relevant part, that a person commits the
offense of murder if the person: “(1) intentionally or knowingly causes the death of an
individual; [or] (2) intends to cause serious bodily injury and commits an act clearly
dangerous to human life that causes the death of an individual.” Tex. Pen. Code Ann. 
§ 19.02(b)(1), (2) (Vernon 2003). 
          Section 22.02 of the penal code states, in relevant part, that a person commits the
offense of aggravated assault “if the person commits assault as defined in § 22.01 and the
person: (1) causes serious bodily injury to another, including the person’s spouse; or (2)
uses or exhibits a deadly weapon during the commission of the assault.” Tex. Pen. Code
Ann. § 22.02(a)(1), (2) (Vernon 2003). Section 22.01 of the penal code states, in relevant
part, that a person commits the offense of assault if the person: “(1) intentionally,
knowingly, or recklessly causes bodily injury to another . . . [or] (2) intentionally or
knowingly threatens another with imminent bodily injury.” Tex. Pen. Code Ann. §
22.01(a)(1), (2) (Vernon 2003). 
          Section 7.01 of the penal code states that: 
(a) A person is criminally responsible as a party to an offense if the offense is
committed by his own conduct, by the conduct of another for which he is
criminally responsible, or both. 
 
(b) Each party to an offense may be charged with commission of the offense. 
 
(c) All traditional distinctions between accomplices and principals are
abolished by this section, and each party to an offense may be charged and
convicted without alleging that he acted as a principal or accomplice. 
 
Tex. Pen. Code Ann. § 7.01(a)-(c) (Vernon 2003). Section 7.02 states, in relevant part, a
“person is criminally responsible for an offense committed by the conduct of another
if: . . . (2) acting with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense.” Tex.
Pen. Code Ann. § 7.02(a)(2) (Vernon 2003). 
          Although the mere presence at the scene of a crime is not alone sufficient to prove
that a person is a party to the offense, it is a circumstance that, when combined with other
facts, may suffice to show that the accused was a participant. Beardsley v. State, 738
S.W.2d 681, 685 (Tex. Crim. App. 1987); Escobar v. State, 799 S.W.2d 502, 506 (Tex.
App.–Corpus Christi 1990, pet ref'd). The fact finder may consider events occurring
before, during or after the commission of the offense in determining whether the defendant
is criminally responsible for an offense committed by another. Beardsley, 738 S.W.2d at
684; Perez v. State, 41 S.W.3d 712, 717 (Tex. App.–Corpus Christi 2001, no pet.). 
Furthermore, circumstantial evidence may be sufficient to show that one is a party to an
offense. Beardsley, 738 S.W.2d at 684; Perez, 41 S.W.3d at 717.
B. Analysis
          Appellant does not challenge the State’s evidence that (1) he was present at the
shooting; (2) Sanchez fired a gun three or four times in the direction of the four people in
and by the truck; (3) Rosales died as a result of the shooting; and (4) the three persons in
the truck were placed in fear of imminent bodily injury during the shooting. Rather,
appellant contends the State did not prove appellant, either by words or agreement,
solicited, encouraged, directed, aided, or attempted to aid Sanchez in committing either
the aggravated assaults or the murder. 
          However, the State provided ample evidence from which a rational trier of fact could
conclude appellant was criminally responsible for Sanchez’s conduct. Reyes testified he
saw appellant and Sanchez huddling in the alley and doing something with their hands
shortly before the shooting. Immediately before the shooting, both Sanchez and appellant
approached the truck. After the shooting, someone said, “that is what you get for f–g with
us.” Although these words could not be attributed to appellant, the speaker’s use of the
word “us” further indicates appellant and Sanchez were acting together. Moreover,
appellant and Sanchez were found together in appellant’s home not long after the
shooting. A spent casing and the gun, both tied to the shooting through ballistics evidence,
were also found at appellant’s apartment. 
          When viewed in the light most favorable to the verdict, we conclude that a rational
trier of fact could have found appellant, either by words or agreement, solicited,
encouraged, directed, aided, or attempted to aid Sanchez in committing the aggravated
assaults and the murder. Accordingly, we overrule appellant’s first and third issues.
III. FACTUAL SUFFICIENCY
          In his second and fourth issues, appellant challenges the factual sufficiency of the
evidence to support his convictions for murder and aggravated assault. Again, appellant
does not challenge the evidence establishing his presence at the shooting or that Sanchez
committed the offenses. Appellant challenges the sufficiency of the evidence showing he
was criminally responsible for Sanchez’s conduct. 
A. Standard of Review
          When reviewing the factual sufficiency of the elements of the offense on which the
State carries the burden of proof, we impartially examine all of the evidence and set aside
the verdict only if “proof of guilt is so obviously weak as to undermine confidence in the
[fact finder’s] determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by the contrary proof.” Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003). We review the evidence weighed by the fact finder that tends to prove
the existence of a disputed elemental fact and compare it to evidence that is contrary to
the disputed fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). However, we
do not intrude upon the jury’s role as the sole judge of the weight and credibility given to
witness testimony. Id. Due deference must be accorded to the fact finder’s determinations
on the weight and credibility of the evidence, and we may not merely substitute our own
judgment. Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d at 7. As in legal
sufficiency, we measure issues of factual sufficiency against the elements of the offense
as defined by a hypothetically correct jury charge. Wheaton v. State, 129 S.W.3d 267, 272
(Tex. App.–Corpus Christi 2004, no pet.); Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.–Corpus Christi 2002, pet. ref’d). 
B. Analysis
          We summarized the relevant testimony and evidence offered by the State in our
analysis of legal sufficiency; therefore, we will not recite it again in our analysis of factual
sufficiency. Appellant offered testimony and emphasized weaknesses in the State’s case.
Specifically, appellant asserted, in summary, that: (1) no testimony was offered to show
appellant was the shooter; (2) no testimony was offered to establish appellant, either by
words or agreement, solicited, encouraged, directed, aided, or attempted to aid Sanchez
commit the offenses; and (3) the witnesses were not credible, as they all gave slightly
varying versions of the events surrounding the shooting.
          The jury was able to hear and view the testimony and evidence presented by both
the State and appellant. Although contradictory evidence was offered, it is well within the
province of the jury to judge the veracity and truthfulness of the witnesses before it and
deduce the truth. We conclude that the evidence supporting appellant’s convictions for
murder and aggravated assault is not so obviously weak as to be clearly wrong and
manifestly unjust or greatly outweighed by the contrary proof. Accordingly, we overrule
appellant’s second and fourth issues.
IV. POST-ARREST SILENCE
          In his fifth issue, appellant contends that the trial court erred by denying his motion
for mistrial after improper comment was made regarding appellant’s post-arrest silence.
Specifically, when Detective Garcia was asked, “What was [Sanchez’s and appellant’s]
behavior like when you were interviewing them,” Garcia responded, “They were just calm,
sitting there on the sofa, really didn’t have any answers for us when we were asking
questions.” In a bench conference, appellant’s counsel objected and asserted a motion
for mistrial. The court sustained the objection but denied the motion for mistrial. 
Thereafter, appellant’s counsel requested the court not give an instruction to disregard the
statement, stating an instruction would further emphasize the error. The trial court did not
instruct the jury to disregard the answer.
          To preserve error for appellate review, appellant must raise the complaint in the trial
court in a timely request, objection, or motion stating the grounds for the objection. Tex.
R. App. P. 33.1(a). The proper method of pursuing an objection until an adverse ruling is
to (1) object, (2) request an instruction to disregard, and (3) move for a mistrial. Coe v.
State, 683 S.W.2d 431, 436 (Tex. Crim. App. 1984). Generally, the failure to request an
instruction to disregard waives error where the error could have been cured by the
instruction, even where an objection and a motion for a mistrial have been made. Mills v.
State, 747 S.W.2d 818, 821-22 (Tex. App.–Dallas 1987, no pet.). An instruction to
disregard may be sufficient to cure error in cases of isolated comments on a defendant’s
post-arrest silence. See Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995)
(witness’s comment on defendant’s lack of remorse was improper comment on post-arrest
silence, but error was cured by instruction to jury); see also Garza v. State, 878 S.W.2d
213, 221 (Tex. App.–Corpus Christi 1994, pet. ref’d) (even if comment on lack of written
statement by defendant were improper comment on post-arrest silence, error cured by
instruction to jury). But see Veteto v. State, 8 S.W.3d 805 (Tex. App.–Waco 2000, pet.
ref’d) (repeated and flagrant comments on defendant’s post-arrest silence warranted new
trial despite instructions to disregard). 
          Although appellant raised an objection and requested a mistrial, he specifically
asked the court not to instruct the jury to disregard Garcia’s testimony. Garcia’s
nonresponsive answer to the State’s question was the sole mention of appellant’s post-arrest silence in the presence of the jury. This error could have been cured by an
instruction to disregard. See Dinkins, 894 S.W.2d at 356; see also Garza, 878 S.W.2d at 
221. Accordingly, we find appellant’s failure to request an instruction to the jury to
disregard Garcia’s testimony forfeited our review of this issue. See Mills, 747 S.W.2d at
821-22 (finding appellant had waived challenge to State’s comment on post-arrest silence
where objection and motion for mistrial made but no instruction to disregard was
requested). 
          After appellant requested that no instruction be made, the trial court stated the issue
was preserved for appellate review. Even had the issue been properly preserved, any
error in Garcia’s comment on appellant’s post-arrest silence was harmless. Erroneous
admission of evidence of a defendant’s post-arrest silence is constitutional error subject
to harmless error review. See Dinkins, 894 S.W.2d at 356. This type of error warrants
reversal unless we determine beyond a reasonable doubt that the error did not contribute
to the conviction or punishment. Tex. R. App. P. 44.2(a). In determining whether such an
error warrants reversal, we consider: (1) the source and nature of the error; (2) the extent
to which it was emphasized by the State; (3) the weight a juror would probably give to such
testimony; and (4) whether finding the error harmless would encourage the State to repeat
such behavior. Dinkins, 894 S.W.2d at 356. 
          The State did not invite Garcia’s answer commenting on appellant’s post-arrest
silence; the State had asked only about appellant’s behavior. Moreover, the State did not
emphasize the error at any point during the remainder of the trial. We do not believe the
alleged error influenced the jury’s deliberations, particularly because Garcia never testified
to precisely what questions he asked that appellant did not answer. Lastly, finding
harmless error would not invite repetition by the State because the improper testimony was
not elicited by the State but was contained in a nonresponsive portion of Garcia’s answer
to the State’s question. See id. at 356-57. We conclude the error did not contribute to
appellant’s conviction or punishment.
          Appellant’s fifth issue is overruled.
V. EVIDENCE OF EXTRANEOUS OFFENSES
          In his final issue, appellant asserts the trial court erred by allowing the State to
present evidence of extraneous acts at the punishment phase when the State failed to give
proper notice. Specifically, appellant complains that the State did not provide the names
of the alleged victims of the extraneous acts as required by the code of criminal procedure. 
See Tex. Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon Supp. 2004). Appellant argues
that: “said notice was unreasonable; the notice surprised Appellant’s counsel; and it
affected Appellant’s substantial rights.” The State argues that the victims’ names were
unknown at the time of filing, and it faxed the names directly to appellant’s counsel two
days after filing on August 16, 2001. A hearing was held on August 30, 2001; appellant
was present and Sanchez’s trial counsel questioned the admissibility, regarding probative
value, of the alleged offenses listed in the State’s notice. The trial began on December 11,
2001.
A. Standard of Review and Applicable Law
            The determination of the reasonableness of the State’s notice is made by the trial
court and is committed to its sound discretion. Sebalt v. State, 28 S.W.3d 819, 822 (Tex.
App.–Corpus Christi 2000, no pet.). Article 37.07 § 3(g) states in relevant part:

On timely request of the defendant, notice of intent to introduce evidence
under this article shall be given in the same manner required by Rule 404(b),
Texas Rule of Criminal Evidence. If the attorney representing the State
intends to introduce extraneous crimes or bad acts . . . notice of that intent
is reasonable only if the notice includes the date on which and the county in
which the alleged crime or bad act occurred and the name of the alleged
victim. 

Tex. Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon Supp. 2004). Rule 404(b) states,
in relevant part, “upon timely request by the accused in a criminal case, reasonable notice
is given in advance of trial of intent to introduce in the State’s case-in-chief such evidence.” 
Tex. R. Evid. 404(b). The purpose of the notice requirement embodied in rule 404(b) is to
prevent surprise and allow defendant adequate opportunity to prepare. Hayden v. State,
66 S.W.3d 269, 272 (Tex. Crim. App. 2001) (discussing and agreeing “that evidence of
extraneous offenses is admissible in spite of a challenge to the timeliness of the 404(b)
notice . . . because the defendant was not surprised by the evidence”). Rule 404(b) does
not require the State to provide a written response, although a written response is the
preferred method. Id. at 273. 
B. Analysis
          Appellant does not question the probative value of the evidence offered; therefore,
we limit our analysis to the sufficiency of the notice provided and whether appellant
demonstrated surprise. Any deficiency in the notice as filed was arguably cured on August
16, 2001, two days after the State filed notice, when the State allegedly provided the
names of the alleged victims to counsel by fax.


 Nevertheless, appellant clearly had notice
of the offenses and the State’s intention to introduce the evidence as of August 30, 2001,
at the pre-trial hearing. Appellant’s counsel participated in the hearing and heard 
Sanchez’s counsel’s discussion of the offenses and the trial court’s discussion of notice. 
          Rule 404(b) requires that notice be reasonable; it does not require notice be
provided a finite number of days before trial. Tex. R. Evid. 404(b). The hearing occurred
more than ninety days before trial; thus, appellant had adequate time to prepare a defense
and cannot demonstrate surprise by the introduction of the evidence. We conclude the
trial court did not abuse its discretion in allowing the admission of the extraneous offense
evidence based on lack of proper notice. Accordingly, we overrule appellant’s sixth issue. 
III. CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                                                                                     
                                                                        Rogelio Valdez
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 31ST day of August, 2004.