COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MANUEL LUJAN CERVANTES,                       )

                                                                              )              
No.  08-03-00292-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
161st District Court

THE STATE OF TEXAS,                                     )

                                                                              )             
of Ector County, Texas

Appellee.                           )

                                                                              )                  (TC# B-30,395)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Manuel
Lujan Cervantes, was convicted by a jury trial of indecency with a child.  The jury assessed a punishment of 20 years= confinement.  In a single issue on appeal, Appellant
asserts that the trial court erred by admitting evidence of his prior
convictions of driving while intoxicated and indecency with a child during the
punishment stage of the trial.  Affirm.

DISCUSSION

The testimony at
trial indicated that Appellant=s
wife witnessed Appellant take their granddaughter from a swing in their
backyard to a corner of their backyard. 
When she went outside, she witnessed Appellant=s
hand in the child=s
underwear, fondling her from the front to the back.








During the
punishment phase of the trial held on May 16, 2003, the State introduced
Exhibit 3 and Exhibit 4, which were records of a 1991 conviction for driving
while intoxicated and a 1992 conviction of indecency with a child.  Appellant=s
attorney objected stating the following:

My objection would be once again based
on the fact that we requested 404(b) information regarding all extraneous and
convictions, and they were just provided May 12th.  We would request that the Judge prevent the
State from admitting into evidence any extraneous offenses or convictions of
his prior criminal history.  And that
they didn=t comply
or give us reasonable notice thereof.

 

The trial court overruled the
objection stating the following:

Here is my ruling.  It might be different if we were dealing with
an extraneous bad act, some unadjudicated matter.  Some matter that the Defense would have to
get ready to defend on a factual basis.

What we are dealing
with here is pure criminal records. 
Matters that have sort of always been known to be introduced.  And not just criminal records, we are dealing
here with final convictions.  And of
which the State, prior to trial did give notice to the Defendant.  

So the amount of time
to be reasonable on a final conviction, and obviously someone had noted he had
been to the penitentiary, was aware of and that all parties know is an
admissible item, is a little bit different than something that might be just an
accusation that they have to get ready to defend.  For that reason, I find that the notice here
prior to trial -- a couple of days prior to trial would be reasonable notice.  I overrule that objection.

 

On appeal,
Appellant raises a single issue. 
Appellant argues that the trial court erred in overruling his objection
and admitting the State=s
Exhibit 3 and 4 at the punishment phase of the trial, because the State had
failed to provide him with reasonable notice of its intent to introduce such
evidence.  The State argues that
Appellant failed to preserve his issue for appeal because his objection as
trial differs from his issue on appeal. 
We disagree with the State=s
contention, and find that Appellant did properly preserve the issue of whether
the State provided him with reasonable notice of its intent to introduce the
prior convictions.  








Texas Rule of
Evidence 404(b) states:

(b)        Other Crimes, Wrongs or Acts.  Evidence of other crimes, wrongs or acts is
not admissible to prove the character of a person in order to show action in
conformity therewith.  It may, however,
be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident,
provided that upon timely request by the accused in a criminal case, reasonable
notice is given in advance of trial of intent to introduce in the State=s case-in-chief such evidence other
than that arising in the same transaction. 

 

See Tex.R.Evid. 404(b). 
Rule 404(b) does not apply to the punishment phase of the trial, which
is the portion of the trial where the State offered the convictions in question.  See Tex.R.Evid.
404(b).  The adequacy of the State=s notice is controlled by Article
37.07, section 3(g), which requires that notice be given in the same manner
mandated by Rule 404(b).[1]  See Tex.Code
Crim.Proc.Ann. art. 37.07, '
3(g)(Vernon Supp. 2004-05).  There is no
statutory meaning of Areasonable@ as provided in Rule 404(b), in the
Code of Criminal Procedure, or otherwise in the Rules of Evidence.  Patton v. State, 25 S.W.3d 387, 392
(Tex.App.--Austin 2000, pet. ref=d
).  Whether notice was reasonable is
determined on the facts and circumstances of each individual case.  See Id.








Appellant relies
upon Hernandez v. State, 914 S.W.2d 226, 234-35 (Tex.App.--Waco 1996, no
pet.) and Neuman v. State, 951 S.W.2d 538, 540 (Tex.App.--Austin 1997,
no pet.) to support his contention.  We
find these cases to be distinguishable. 
In Hernandez, the State=s
notice of an unadjudicated matter was found to be unreasonable when it was given
on Friday afternoon and the trial commenced on Monday morning.  See Hernandez, 914 S.W.2d at 234.  Such error, however, was held to be
harmless.  See id. at
238.  In Neuman, notice of the
extraneous unadjudicated matter was given the morning of trial was found to be
unreasonable.  See Neuman, 951
S.W.2d at 540.  This error was found not
to be harmless.  See id. at 542.

In our case,
Appellant received notice of the State=s
intent to admit the two prior convictions on Monday, May 12, three days before
the trial commenced.  The evidence in
this case, unlike in Hernandez and Neuman, involved final
convictions.  In reviewing the trial
court=s
decision to admit this evidence under an abuse of discretion standard, we find
that allowing the prior convictions was not beyond the zone of reasonable
disagreement.  See Montgomery v. State,
810 S.W.3d 372, 379-80, 391 (Tex.Crim.App. 1990); see also Ramirez v. State,
967 S.W.2d 919, 923 (Tex.App.--Beaumont 1998, no pet.), holding that the trial
court did not abuse its discretion in finding that three days was an adequate
period of time in which to prepare to challenge the penitentiary packets of the
felony convictions.  Appellant =s single issue on appeal is
overruled.  

The judgment of
the trial court is affirmed.

 

 

 

July
14, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Article 37.07, ' 3(g)
states:

 

On timely request of the defendant, notice of intent to
introduce evidence under this article shall be given in the same manner
required by Rule 404(b), Texas Rules of Criminal Evidence.  If the attorney representing the state
intends to introduce an extraneous crime or bad act that has not resulted in a
final conviction in a court of record or a probated or suspended sentence,
notice of that intent is reasonable only if the notice includes the date on
which and the county in which the alleged crime or bad act occurred and the
name of the alleged victim of the crime or bad act.  The requirement under this subsection that
the attorney representing the state give notice applies only if the defendant
makes a timely request to the attorney representing the state for the notice.